Statement.

94  513
100  467

## Richmond.

WESTERN UNION TELEGRAPH COMPANY *v.* GODDIN.

April 8, 1897.

1. APPEALS AND WRITS OF ERROR—*Questions not debatable—Sec. 1292 of Code.*— A writ of error is properly dismissed, as improvidently awarded, where the jurisdiction of the court is dependent upon a question which was no longer debatable at the time the writ was awarded. Applying this test to the case at bar, the constitutionality of sec. 1292 was not a debatable question at the time the writ of error was awarded, and it should be dismissed.

Error to a judgment of the Court of Law and Equity for the city of Richmond, rendered May 29, 1895, in an action of debt wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Writ of error dismissed.*

This was an action of debt instituted by E. C. Goddin to recover the penalty prescribed by sec. 1292 of the Code for failure to deliver to him promptly the following telegram sent from Baltimore, Md.:

"To E. C. Goddin,
        "3015 E. Main street, Richmond, Va.:
"Your son is at City Hospital dangerously injured.
                                    " DR. BLAKE."

*Stiles & Holladay,* for the plaintiff in error.

*Edmund Waddill, Jr.* and *J. Samuel Parrish,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error brought an action of debt in the Law and Equity Court of the city of Richmond to recover of the Western Union Telegraph Company the sum of $100, the penalty prescribed by sec. 1292 of the Code for failure to promptly deliver a dispatch. The defendant demurred to the plaintiff's declaration upon the ground that sec. 1292 of the Code upon which the plaintiff's right of action is based is in contravention of Article 1, section 8 of the Constitution of the United States, and is therefore void. It also offered a plea presenting the same proposition of law, but the court overruled the demurrer to the declaration, and rejected the plea. Thereupon evidence being introduced, the defendant offered certain instructions, the first of which also raises the same constitutional question presented in the demurrer and plea. The court refused to give this instruction. Other instructions were offered by the defendant and refused by the court, and certain instructions were given by the court over the objection of the plaintiff in error, to all of which rulings the plaintiff in error duly excepted. There was a verdict for the defendant in error and a motion to set it aside, which was overruled, and the plaintiff in error again excepted, and subsequently applied for and obtained a writ of error from one of the judges of this court.

On behalf of the defendant in error it is contended that this court is without jurisdiction, the amount being less than $500.

On behalf of the plaintiff in error the jurisdiction of this court is maintained upon the ground that a constitutional question is involved.

The writ of error was awarded in this case on the 2d of October, 1895.

On November 16, 1893, this court, in the case of *Western Union Telegraph Company* v. *Tyler*, 90 Va. 297, held, Judge

Lewis delivering the opinion, that sec. 1292 of the Code is not in conflict with the Constitution of the United States, or any Act of Congress passed in pursuance thereof, and in *Western Union Telegraph Company* v. *Bright*, 90 Va. 778, that position was reaffirmed; and in the case of the *Western U. T. Co.* v. *James*, 162 U. S. 650, similar provisions in a statute of the State of Georgia were held to be a reasonable exercise of the police power of the State, and not in conflict with the Federal Constitution.

In the recent case of *Western Union Telegraph Company* v. *Powell*, *ante* p. 268, there were two counts in the declaration, the first based upon sec. 1291, and the other upon sec. 1292. There was a judgment against the Company in the trial court, a writ of error awarded by this court, and a motion to dismiss for want of jurisdiction. Judge Buchanan, delivering the opinion, after referring to the cases just cited, says: "When this writ of error was awarded sec. 1291 had not been held by this court to be constitutional, nor had the decision in the *James Case* been made by the Supreme Court of the United States, holding such legislation to be a valid exercise of the police power. Under the circumstances surrounding this case, we cannot say that the jurisdiction of this court was not invoked in good faith to determine the constitutionality of the statutes in question. Its jurisdiction having been properly invoked upon one of the grounds provided in the Constitution, and laws, it has jurisdiction for all purposes, although the amount involved is less than $500."

At the time the writ of error in the case before us was awarded the constitutionality of sec. 1292 had been twice passed upon in this court, and it was no longer a debatable question. The test of "good faith" does not fully meet the difficulty. Counsel and parties may with perfect good faith ask the reiterated judgment of this court upon any question, and we do not clearly perceive how this court could say at just what point the appeal to it was wanting in good faith.

A better test, perhaps, is to be found in considering whether or not the point presented is any longer open for argument. Is it a debatable question? See Enc. of Plead. and Pr., p. 40-41; *Virden* v. *Allen*, 107 Ill. 505; *Chaplin* v. *Highway Commissioners*, 126 Ill. 264. Applying this test, it is plain that the constitutionality of sec. 1292 is not an open one in this court. It is no longer "debatable."

We are of opinion that the writ of error heretofore awarded should be dismissed.

*Dismissed.*