# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

DALE MYERS v. HONORABLE NORMAN R. MOORE, JUDGE ROANOKE COUNTY COURT.

June 10, 1963.

Record No. 5619.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Dale Myers,* pro se, submitted on briefs.

*Francis C. Lee, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the respondent.

I'ANSON, J., delivered the opinion of the court.

This is a petition for a peremptory writ of mandamus filed in

this Court by Dale Myers to compel the Honorable Norman R. Moore, judge of the Roanoke County Court, to allow him to perfect an appeal to the circuit court of the county from a judgment in the amount of $24.00 entered against him in favor of the Roanoke County Sanitation Authority. Petitioner alleges that the case involves the constitutionality or validity of a statute of this State and that he has an appeal of right under § 16.1-106, Code of 1950, 1960 Replacement Volume.

Section 16.1-106 allows an appeal of right to a court of record from a judgment of a court not of record in a civil case where the amount in controversy is more than fifty dollars or where the case involves the constitutionality or validity of a statute of this State.

The sole issue here is whether the case in the county court presented questions involving the constitutionality or validity of a statute of this State so as to allow petitioner an appeal as a matter of right to the circuit court.

The Roanoke County Sanitation Authority, herein called the Authority, which was created in April, 1955, pursuant to the Virginia Water and Sewer Authorities Act, chapter 22.1 of Title 15, § 15-764.1 through § 15-764.32 of the Code, as amended, 1956 Replacement Volume, hereinafter referred to as the Authorities Act, caused a civil warrant to be issued against petitioner to recover for delinquent sewer service charges.

Petitioner filed a demurrer in the county court in which he contended, as he does here, that the issuance of a charter to the Authority by the State Corporation Commission, pursuant to Code § 15-764.8, contravened §§ 153[1] and 156[2] of the Constitution of Virginia, which when read together prohibit the Commission from granting a charter

---

[1] "§ 153. *Definition of terms used in article; article not to conflict with the Constitution of the United States.*—As used in this article, the term 'corporation' or 'company' shall include all trusts, associations and joint stock companies having any powers or privileges not possessed by individuals or unlimited partnerships, and exclude all municipal corporations and public institutions owned or controlled by the State; the term 'charter' shall be construed to mean the charter or incorporation by, or under, which any such corporation is formed, * * *."

[2] "§ 156. *Powers, duties and method of procedure of Commission.*—(a) Subject to the provisions of this Constitution and to such requirements, rules and regulations as may be prescribed by law, the State Corporation Commission shall be a department of government through which shall be issued all charters and amendments or extensions thereof, for domestic corporations, and all licenses to do business in this State to foreign corporations; and through which shall be carried out all the provisions of this Constitution, and of the laws made in pursuance thereof, for the creation, visitation, supervision, regulation and control of corporations chartered by, or doing business in, this State, * * *."

to a municipal corporation or a public institution owned or controlled by the State; and that the quarterly rate assessed against him for sewer services had not been submitted to the jurisdiction and approval of the State Corporation Commission as required by Code § 15-764.22. Thus he said that the sewer assessments fixed by an illegally created authority, and without approval of the State Corporation Commission, deprived him of his property without due process of law.

The county court overruled petitioner's demurrer and entered judgment for the Authority. Thereupon petitioner moved for an appeal to the circuit court of the county, under the provisions of Code § 16.1-106, which was denied on the grounds that the amount in controversy was less than fifty dollars and that this Court had already decided the constitutional issues raised by the petitioner.

In *Farquhar* v. *Board of Supervisors*, 196 Va. 54, 69-71, 82 S. E. 2d 577, 586-587, a suit for a declaratory judgment to determine the rights under and the validity of a contract with an authority, the constitutionality of the Authorities Act was attacked on the grounds that § 127(b) of the Constitution of Virginia required an election as a prerequisite to the issuance of bonds by an authority; that the Act was an improper delegation of legislative power in violation of § 5 of the Constitution; and that the provisions for the enforcement of sewerage connections, the collection of charges and the creation of liens may deprive the landowners of their property without due process of law. In an exhaustive opinion by Mr. Justice Buchanan, this Court overruled these contentions and sustained the constitutionality of the Act "as being a reasonable exercise of the police power of the State and bearing a substantial relation to the protection and preservation of public health."

The validity of the Authorities Act was recently reaffirmed in *Brooks* v. *Sanitation Authority*, 201 Va. 934, 937, 114 S. E. 2d 758, 761, in which the same Authority involved here was a party. In that case we specifically referred to the power of the State Corporation Commission to grant a charter to an authority when there has been a compliance with the provisions of the Authorities Act. There we said:

"The Authority was duly created by resolution of the Board of Supervisors of Roanoke county dated April 18, 1955, publication of notice and hearing, followed by issuance of a charter by the State Corporation Commission, all in compliance with § 15-764.3 through § 15-764.8. It was thereupon 'conclusively deemed to have been lawfully and properly created and established and authorized to exercise

its powers under this chapter.' § 15-764.8." 201 Va. at p. 937, 114 S. E. 2d at p. 761.

It is manifest from the above quotation from the *Brooks* case, *supra*, that the contention of the petitioner that the rates for sewer services fixed by the Authority were not submitted to the State Corporation Commission is a mere allegation not supported by the record. Code § 15-764.4 required that the Authority's rates for sewer charges be set out in the articles of incorporation which were filed with the Commission before the charter was issued under § 15-764.8. Thus the rates in question have been subject to the jurisdiction of the State Corporation Commission so as to satisfy the requirements of Code § 15-764.22 and there is no requirement under this section that the rates fixed by the Authority be subject to the approval of the Commission. See *Farquhar* v. *Board of Supervisors, supra*, 196 Va. at p. 68, 82 S. E. 2d at p. 586. See also *Commonwealth of Virginia, at the relation of John W. Hagen* v. *Roanoke County Sanitation Authority*, case no. 14169, February 29, 1959, in which the State Corporation Commission dismissed for lack of jurisdiction a petition to review the rates fixed by the Authority.

■ Nevertheless, petitioner argues that the *Farquhar* and *Brooks* cases are not binding in the present case because the questions raised here concerning the validity of the creation of the Authority and the fixing of its rates were not there considered. We do not agree with petitioner's argument.

Even if it be said that the same constitutional questions raised here have not been previously passed upon, we have repeatedly held that a decree or judgment of this Court upholding the constitutionality of a statute conclusively settles the question of its validity and the statute is then free from all constitutional objections, whether assigned or not. In *City of Portsmouth* v. *Weiss*, 145 Va. 94, at p. 103, 133 S. E. 781, at p. 784, this Court said:

"It is wholly immaterial that the attack upon the statute in that case was 'upon entirely different grounds.' Whenever a statute is enforced by a judgment or decree of a court, it is a judicial determination that the statute is a valid enactment and is free from *all constitutional objections*. If unconstitutional for any reason, whether assigned or not, the statute is void." See *Miller* v. *State Entomologist*, 146 Va. 175, 180, 135 S. E. 813, 814, 67 A. L. R. 197, aff. *Miller* v. *Schoene*, 276 U. S. 272, 48 S. Ct. 246, 72 L. ed. 568; *Board of Supervisors* v. *State Milk Commission*, 191 Va. 1, 11, 60 S. E. 2d 35, 40, app. dism. 340 U. S. 881, 71 S. Ct. 198, 95 L. ed. 640; *Edwards*

v. *Commonwealth*, 191 Va. 272, 285, 286, 60 S. E. 2d 916, 922; *Almond* v. *Day*, 197 Va. 419, 430, 431, 89 S. E. 2d 851, 859. See also 82 C. J. S., Statutes, § 91, p. 148.

The reason for the above principle is that in a well ordered society it is important for people to know what their legal rights are, not only under constitutions and legislative enactments but also as defined by judicial precedent, and when they have conducted their affairs in reliance thereon they ought not to have their rights swept away by judicial decree when at a later date other grounds may be conceived to attack the constitutionality of a statute. This is especially true where property rights are involved. Under the Authorities Act numerous improvement districts have been created and financed in reliance upon the pronouncement of this Court that it is free from constitutional objections. Thus the doctrine of *stare decisis*, one of the most important principles in the structure of our law, should here apply with all its force.

Where the sole ground for an appeal to this Court is the constitutionality of a statute, the validity of which has been settled by our former decisions, an appeal will not be entertained. *Western Un. Tel. Co.* v. *Goddin*, 94 Va. 513, 515, 516, 27 S. E. 429; *Western Union Telegraph Co.* v. *White*, 113 Va. 421, 422, 74 S. E. 174, 175; 1 Mich. Jur., Appeal and Error, § 83, p. 543. This same rule applies with equal force to an appeal from a county court to a court of record.

For the reasons stated, we hold that the petitioner's case in the county court did not involve any unresolved questions concerning the constitutionality or validity of a State statute and the petitioner has no right of appeal to the Circuit Court of Roanoke County under Code § 16.1-106. The writ of mandamus is denied, and the petition, therefore, dismissed.

*Mandamus denied.*