## DOROTHY T. MORRISON

### V.

## JAMES MICHAEL BESTLER, M.D., ET AL.

Record No. 880177

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Poff, Senior Justice

C. *Richard Cranwell (Patrick S. Shiel; Cranwell, Flora & Moore*, on briefs), for appellant.

*Susan Waddell Spangler (George W. Wooten; Fox, Wooten & Hart*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this medical malpractice case, we determine whether failure to comply with the provisions of Code § 8.01-581.2, which state that no action "shall be brought within ninety days" after notice of malpractice claim, deprives the trial court of jurisdiction over the instant claim.

On March 10, 1982, James Michael Bestler, M.D., performed cosmetic surgery on Dorothy T. Morrison. On March 9, 1984, Morrison filed a motion for judgment against Dr. Bestler and James Michael Bestler, M.D., Inc. (Bestler), seeking damages for medical malpractice which allegedly occurred during the surgery. The following day, March 10, 1984, Morrison served Bestler with the notice of malpractice claim required by Code § 8.01-581.2. Bestler filed a demurrer and motion to dismiss claiming that Morrison's suit was prohibited because she had "violated Va. Code § 8.01-581.2 by filing a motion for judgment within the ninety day period following a notice of malpractice claim."

Prior to any ruling on Bestler's demurrer and motion, Morrison requested a voluntary nonsuit. On November 16, 1984, the trial court entered an order of nonsuit pursuant to Code § 8.01-380. On the same day, Morrison filed her second motion for judgment against Bestler based on the same malpractice claim.

In response to the second suit, Bestler filed a plea of the statute of limitations arguing that the 120-day extension of the statute of limitations afforded by Code § 8.01-581.9 expired on July 8, 1984, and therefore, Morrison's second suit was untimely. Furthermore, Bestler maintained that Morrison's failure to comply with the filing provisions of Code § 8.01-581.2 deprived the trial court of subject matter jurisdiction in the first suit, thereby making the order of nonsuit entered in that suit null and void. A void order, Bestler argued, cannot be utilized to invoke application of the filing extensions authorized by Code § 8.01-229(E)(3).

The trial court held that, because the filing of the first motion for judgment was prohibited until 90 days after the notice of claim, it did not have "actual active jurisdiction over the first case, and the plaintiff's filing of that suit was null and void." Reasoning that an order of nonsuit entered in a suit "prohibited in the first

instance" should not operate to extend the statute of limitations under the nonsuit statute, the court granted Bestler's plea and entered an order dismissing Morrison's motion for judgment. We granted Morrison an appeal on February 8, 1989.

Morrison contends that, although the 90-day waiting period is a mandatory procedural requirement, it is not jurisdictional. She relies on the rationale we adopted in considering the notice requirement in negligence suits filed against municipalities, *City of South Norfolk* v. *Dail*, 187 Va. 495, 47 S.E.2d 405 (1948), as well as cases in other jurisdictions interpreting similar notice provisions for the filing of medical malpractice suits. *Schepps* v. *Presbyterian Hospital of Dallas*, 652 S.W.2d 934 (Tex. 1983); *Givertz* v. *Maine Medical Center*, 459 A.2d 548 (Me. 1983); *Dougherty* v. *Oliviero*, 427 A.2d 487 (Me. 1981); *Foil* v. *Ballinger*, 601 P.2d 144 (Utah 1979).

Bestler, on the other hand, maintains that we have previously addressed this question and held that a court has no jurisdiction over a motion for judgment filed before the expiration of 90 days after giving notice of the malpractice claim. *Edwards* v. *City of Portsmouth*, 237 Va. 167, 375 S.E.2d 747 (1989); *Horn* v. *Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986); *Baker* v. *Zirkle*, 226 Va. 7, 307 S.E.2d 234 (1983).

Before reviewing the cases relied on by Bestler, we must clarify the manner in which the term "jurisdiction" is used. A court may lack the requisite "jurisdiction" to proceed to an adjudication on the merits for a variety of reasons.

The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." *Farant Investment Corp.* v. *Francis*, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924).

While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or

conferred on the court by agreement of the parties. *Lucas* v. *Biller*, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963). A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. *Barnes* v. *American Fert. Co.*, 144 Va. 692, 705, 130 S.E. 902, 906 (1925). Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity. *Ferry Co.* v. *Commonwealth*, 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954).

■ Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*. *Thacker* v. *Hubard*, 122 Va. 379, 386, 94 S.E. 929, 930 (1918). In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal. Rule 5:25.

One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved. *See* Restatement (Second) of Judgments, § 11 (1980).

■ In this case, if the 90-day waiting period for filing the motion for judgment goes to the issue of the court's subject matter jurisdiction, as claimed by Bestler, the trial court did not have, and could never have, the ability to enter a valid judgment. If, as Morrison claims, the requirement is procedural in nature, the court could not have proceeded to final judgment on the merits at that time, but was not deprived of its fundamental jurisdiction. With this distinction in mind, we turn to an analysis of our prior statements on the jurisdictional nature of the filing requirements of Code § 8.01-581.2.

Bestler points to a single sentence in *Baker* v. *Zirkle*, in which we stated that under Code § 8.01-581.2, a plaintiff "is absolutely forbidden from filing an action until ninety days after notification to the health care provider. . . ." 226 Va. at 13, 307 S.E.2d at 236. But *Baker* did not involve the premature filing of a motion for judgment alleging medical malpractice. In fact, the motion for judgment in that case was filed almost 14 months after the notice

of claim was given. Rather, the issue was whether (1) the tolling provisions of Code § 8.01-581.9 operated to interrupt the running of the limitations period, beginning with the filing of the notice of claim and resuming 60 days after the issuance of the review panel opinion, or whether (2) the tolling occurs only if the limitation period expired during the 60-day period following the panel decision. The jurisdictional nature of the Code § 8.01-581.2 filing requirements was not at issue, was not addressed by the court or the parties, and was not decided in *Baker*.

Similarly, *Horn* v. *Abernathy* did not involve the filing of a motion for judgment prior to expiration of the 90-day notice period. There, the issues were whether the hospital's request for a medical malpractice review panel was timely filed with the Chief Justice of the Supreme Court, whether the Executive Secretary of the Court had the authority to deny the request, and other claims involving estoppel and due process. We began our discussion in that case by reviewing the requirements of the medical malpractice statutes. We stated that "a claimant has no right to bring such an action unless he gives the health care provider written notice of his claim." 231 Va. at 231, 343 S.E.2d at 320. As it was in *Baker*, Bestler's reliance on this single sentence in *Horn* is misplaced. *Horn* simply does not address or resolve the issue presented in the instant case.

Finally, Bestler relies on *Edwards* v. *City of Portsmouth* in support of his position. In that case, the notice of the malpractice claim was filed only three days prior to the filing of the motion for judgment. The trial court granted the city's motion to dismiss on its plea of sovereign immunity and granted the hospital's special plea of "lack of jurisdiction on the ground that the suit was filed in violation of the Medical Malpractice Act . . . in that it was filed within ninety days of the filing of the notice of claim of malpractice." 237 Va. at 170, 375 S.E.2d at 749.

■ The plaintiff argued that the Act did not apply to the hospital's ambulance services and, therefore, the notice requirement was inapplicable. We held, however, that the Act focused on the health care provider. Thus, by definition the Act applied to a licensed *hospital* and "that by filing suit three days after filing the notice of claim, Edwards violated Code § 8.01-581.2. . . ." *Edwards*, 237 Va. at 172, 375 S.E.2d at 750. We then affirmed the judgment of the trial court dismissing the action without further comment. Again, we did not discuss the jurisdictional nature of

the provision in issue or the appropriate or required remedies for violation of the provision.[1]

None of these cases resolves the issue now before us. In deciding that issue here, we first note that Title 17 of the Code of Virginia gives circuit courts jurisdiction to resolve cases and controversies involving torts. This is unquestionably a statutory grant of subject matter jurisdiction. Medical malpractice claims are tort claims. The Virginia General Assembly has enacted certain procedures for the prosecution of claims of this type. These procedures include the notice of claim, a waiting period for filing suit, the right to a malpractice review panel prior to a court proceeding, use of the opinion of the panel, and extensions of statutory filing limitations under certain conditions. In our opinion, none of these procedural requirements involves subject matter jurisdiction.

In 1976, Virginia, like other states, was faced with a significant increase in the number of medical malpractice suits. As a result, medical malpractice insurance for health care providers was difficult to obtain, very costly, and sometimes even unavailable. Acts ch. 611 (1976). Commissions which studied the problem throughout the country recommended the use of medical malpractice review panels to "weed out unmeritorious claims, encourage settlements and provide a speedier and less costly alternative to trial" in medical malpractice cases. Senate Document No. 20, at 8-9 (1976); see also Schepps, 652 S.W.2d at 937; Givertz, 459 A.2d at 550; and Dougherty, 427 A.2d at 489. There is no indication that the General Assembly, by enacting these procedural requirements, intended to endow the trial courts with jurisdiction over a

---

[1] Although not cited by Bestler, Glisson v. Loxley, 235 Va. 62, 366 S.E.2d 68 (1988), also involved the application of Code § 8.01-581.2. There, the trial court dismissed the case for lack of "subject matter jurisdiction" because the plaintiff had not given any notice of a malpractice claim. The plaintiff argued that her suit was one for breach of contract and battery and, therefore, the notice requirement did not apply. We agreed with the plaintiff regarding her first count—holding that it was a contract action and as such was not subject to the malpractice review system. We did find, however, that a battery is a tort, and, as it arises from health care, it is malpractice "and the required notice should have been given." 235 Va. at 69, 366 S.E.2d at 72. We affirmed the trial court's dismissal of the battery count. Regardless of the use of the phrase "subject matter jurisdiction" in framing the issue, we did not discuss the nature of the jurisdictional defect. Under the circumstances of that case, like Edwards, dismissal for violation of the notice provision was appropriate. See discussion, infra. But also like Edwards, Baker, and Horn, Glisson does not determine the issue now before us.

new cause of action comprised of a medical malpractice tort claim and its attendant procedures.

■ All these procedural requirements, including the 90-day waiting period, were formulated to provide the defendant with adequate notice of the nature of the claim, to assist the parties in case preparation, and to encourage settlement prior to trial. *Hudson* v. *Surgical Specialists*, 239 Va. 101, 387 S.E.2d 750 (this day decided); *Cowan* v. *Psychiatric Associates*, 239 Va. 59, 387 S.E.2d 747 (this day decided). As such they are analogous to the notice requirements for a damage suit against a municipality based on negligence. As we stated in *City of South Norfolk*:

> [T]he failure to give the notice constitutes a trap for the unwary. . . . While the provisions of the statute and the charters in this regard are mandatory and compliance with them is necessary, they should not be regarded as jurisdictional.

187 Va. at 503, 47 S.E.2d at 408-09.

■ We hold then, that the prohibition contained in Code § 8.01-581.2 against filing suit prior to 90 days after giving notice of a medical malpractice claim is a mandatory procedural requirement. Failure to comply with this provision does not divest the court of subject matter jurisdiction.[2] The proper sanction for noncompliance will depend on the circumstances of each case. Other courts which have considered the issue have seen fit to dismiss the suit without prejudice, stay the proceedings, or abate the proceedings. *See, e.g.*, *Schepps*, 652 S.W.2d at 938 (cause should be abated for 60 days); *Dougherty*, 427 A.2d at 490 (stay, rather than dismissal, appropriate); and *Foil*, 601 P.2d at 149 (dismissal without prejudice).

■ Because we have determined that the trial court had subject matter jurisdiction over the first motion for judgment filed by Morrison, the order granting Morrison a voluntary nonsuit was a valid order. Morrison was entitled to the six month extension of time granted by Code § 8.01-229(E)(3), and, therefore, her second motion for judgment, filed on November 16, 1984, was timely.

---

[2] In its quest for "stability and predictability in the law," the dissent would fashion a rule making a final judgment entered in a medical malpractice suit void and subject to attack at any time if the motion for judgment in the case was filed within the 90-day waiting period, even though this fact was never raised or was waived by the parties.

For the reasons set out above, the judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

SENIOR JUSTICE POFF, with whom JUSTICE COMPTON joins, dissenting.

I cannot join in this opinion. The majority reasons that "Title 17 of the Code of Virginia gives circuit courts jurisdiction to resolve cases and controversies involving torts" and that "[m]edical malpractice claims are tort claims". Consequently, the majority concludes that the notice requirement and the 90-day injunction against suit are not conditions precedent to jurisdiction of the courts but merely procedural rules imposed upon a remedy for a particular type of tort.

But what the General Assembly grants it can sometimes withdraw altogether or qualify in part. For example, an action by an employee against his employer claiming damages for injury or death by accident arising out of and in the course of employment once was a tort action within the subject-matter jurisdiction of the circuit and corporation courts. In the enactment of the Workers' Compensation Act, the General Assembly withdrew from the courts and vested in the Industrial Commission jurisdiction over such claims. Although the courts continue to have jurisdiction over some actions for injuries and death suffered by an employee at work, that jurisdiction is definitively limited. *See, e.g., McBride v. Metric Constructors*, 239 Va. 138, 387 S.E.2d 780 (this day decided).

Similarly, in the enactment of the Medical Malpractice Act, the General Assembly withdrew from the courts subject-matter jurisdiction over all actions claiming damages for the tort of medical malpractice filed sooner than 90 days following notice of claim to health care providers. Stated differently, the legislature qualified the subject-matter jurisdiction previously vested in the courts by limiting that jurisdiction to actions filed after expiration of 90 days following notice of claim. No matter how stated, the change made by the General Assembly was a quantified reduction in the scope of subject-matter jurisdiction reposed in the courts. Although effected by a notice requirement and a time constraint, the

legislative change was substantive - not merely procedural as the majority maintains.[1]

In support of its conclusion that the trial court erred in dismissing Morrison's action for want of jurisdiction, the majority attempts, unsuccessfully, to distinguish *Glisson* v. *Loxley*, 235 Va. 62, 366 S.E.2d 68 (1988). In that case, Sybil Glisson filed a two-count motion for judgment alleging, in count one, a breach of contract by Dr. Loxley and, in count two, a battery committed upon her by Dr. Loxley. Dr. Loxley filed a motion to dismiss, contending that "the court was without jurisdiction to hear the case" because the motion for judgment was "based in fact upon medical negligence" and Glisson had failed to give notice of claim as required by Code § 8.01-581.2; "[t]he trial court agreed with the defendant and sustained the motion." *Id.* at 63-64, 366 S.E.2d at 69.

Although this Court ruled that Code § 8.01-581 does not apply to contract claims, we went on to hold that "the trial court *did not err* in dismissing the second count." *Id.* at 69, 366 S.E.2d at 72 (emphasis added). Therefore, as regards the tort count, we affirmed the trial court's determination, stated expressly in the judgment appealed from, that it was "without jurisdiction to hear the matter."[2]

In Virginia, the doctrine of stare decisis is more than a mere cliche. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full de-

---

[1] The rules of this Court requiring notice of the filing of a transcript of the proceedings in a trial court are rules governing the *procedure* to be followed in perfecting an appeal to this Court. "But they are *jurisdictional*, and failure to comply therewith will result . . . in *dismissal*, either before or after appeal is awarded. . . . [D]ismissal will continue to be the price of failure to comply with *mandatory rule provisions*." *Towler* v. *Commonwealth*, 216 Va. 533, 535, 221 S.E.2d 119, 121 (1976) (emphasis added).

[2] Although it is well settled that we will affirm a trial court when it has reached the right result for the wrong reason, we usually say so when we have done so. *See, e.g., Large* v. *Clinchfield Coal Co.*, 239 Va. 144, 387 S.E.2d 783 (this day decided); *Frye* v. *Commonwealth*, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986); *Thims* v. *Commonwealth*, 218 Va. 85, 93, 235 S.E.2d 443, 447 (1977); *Legum Furniture* v. *Levine*, 217 Va. 782, 788, 232 S.E.2d 782, 786 (1977); *Kessler* v. *Doctors Hospital*, 212 Va. 497, 304, 185 S.E.2d 43, 47 (1971); *Robbins* v. *Grimes*, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970). Consequently, the majority's tacit suggestion in a footnote that we applied the "right result, wrong reason" rule *sub silentio* in *Glisson* is wholly unpersuasive.

liberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake.

*Selected Risks Insurance Co.* v. *Dean*, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987) (citation omitted).

There was no "flagrant error or mistake" in *Glisson*. In fact, its holding was entirely consistent with our prior treatment of Code § 8.01-581.2. In *Baker* v. *Zirkle*, 226 Va. 7, 307 S.E.2d 234 (1983), we held:

> As a result of Code § 8.01-581.2, a medical malpractice claimant is *absolutely forbidden from filing an action* until 90 days after notification to the health care provider . . .

226 Va. at 13, 307 S.E.2d at 236 (emphasis added). Again, in *Horn Adm'r* v. *Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986), we held:

> Under Code § 8.01-581.2 (Repl. Vol. 1977) a claimant has *no right* to bring such an action unless he gives the health care provider written notice of his claim.[3]

231 Va. at 231, 343 S.E.2d at 320 (emphasis added). In *Glisson*, we merely held explicitly what twice we had held implicitly. We remained faithful to those precedents in an opinion rendered only a year ago. *Edwards* v. *City of Portsmouth*, 237 Va. 167, 170, 375 S.E.2d 747, 749 (1989) (affirming judgment sustaining "special plea of lack of jurisdiction" for non-compliance with Code § 8.01-581.2).

"[I]n a well ordered society it is important for people to know what their legal rights are, not only under constitutions and legislative enactments but also as defined by judicial precedent . . ." *Myers* v. *Moore*, 204 Va. 409, 413, 131 S.E.2d 414, 417 (1963). By failing to follow controlling precedent, the majority undermines stability and predictability in the law.

---

[3] To say that a plaintiff has no right to pursue an action is to say, as well, that a court has no jurisdiction to consider the action. Thus, in *Plummer* v. *Landmark Communications*, 235 Va. 78, 366 S.E.2d 73 (1988), having said that when a "plaintiff's remedy is under the [Workers' Compensation] Act, the plaintiff has *no right to pursue [an] action* at law [emphasis added]", *id.* at 84, 366 S.E.2d at 75, we held that the trial court "properly sustained defendant's plea to the jurisdiction", *id.* at 87-8, 366 S.E.2d at 77.

In my view, the trial court was correct in its ruling that compliance with Code § 8.01-581.2 is jurisdictional.[4] If Morrison's first motion for judgment was void for lack of subject matter jurisdiction, there was no predicate for the nonsuit. In such case, the statute of limitations ran before Morrison filed her second motion for judgment. Accordingly, I would affirm the judgment entered below.

---

[4] In *dicta*, the majority mentions alternative penalties courts may impose in future cases of non-compliance with Code § 8.01-581.2 and suggests that "[t]he proper sanction . . . will depend on the circumstances of each case." Even if compliance is, as the majority contends, merely "a mandatory procedural requirement" rather than a jurisdictional imperative as I think, dismissal should "continue to be the price of failure to comply with mandatory rule provisions" as we said in *Towler*.