## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas E. Taylor, Jr.,
an infant who sues
by his next friend and mother,
Sabrina P. Taylor

v.

Richmond Memorial Hospital et al.

February 10, 1992

Case No. LT-3966-3

By Judge Melvin R. Hughes, Jr.

At the hearing in this case on January 16, 1992, after argument the Court took defendant, James E. Jones, Jr., M.D., P.C., and defendant, Westwood Anesthesia Associates, Inc.'s, Motion to Dismiss and plaintiffs' Motion to Strike defendants' Motion to Dismiss under advisement. At issue now in this lawsuit alleging medical malpractice is whether these defendants as professional corporations should have the claims against them dismissed for failure of the plaintiffs to provide them with a notice of claim pursuant to § 8.01-581.2, Code of Virginia of 1950, as amended.

Plaintiffs alleged that the six named defendants, which include the corporations, three doctors, and a hospital were negligent in the prenatal and delivery care of a brain-injured child born on April 18, 1988. The question on the motions more specifically is whether the professional corporations are health care providers as defined in § 8.01-581.1 as of the time the cause of action arose and if not, whether a 1989 amendment to the statute including professional corporations within the definition controls so that these defendants had to be first provided with notices of claim. At the time of the negligent acts alleged the following definition of health care provider was provided in § 8.01-581.1:

1. "Health care provider" means a person, corporation, facility or institution licensed by this Commonwealth to provide health

care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist or a nursing home as defined in § 54-900 of the Code of Virginia except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or religious denomination, or an officer, employee or agent thereof acting in the course and scope of his employment.

In 1989 the General Assembly amended § 8.01-581.1 to mention professional corporations within the definition:

"Health care provider" means (i) a person, corporation, facility or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist, health maintenance organization, (ii) a professional corporation, all of whose shareholders or members are so licensed, (iii) a partnership, all of whose partners are so licensed, or (iv) a nursing home as defined in § 54.1-3100 except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or religious denomination, or an officer, employee or agent thereof acting in the course and scope of his employment.

This case was filed on October 24, 1991, after the effective date of the 1989 amendment, July 1, 1989.

These defendants move to dismiss on two bases. First, the notice of claim requirement, which is a condition to filing suit in medical malpractice cases, is procedural and the 1989 amendment expressly including professional corporations within the definition of health care provider governs retroactively rather than the statute in effect at the time the cause of action arose. Second, even if the amended statute does not control, the 1988 version contains an internal ambiguity as to whether professional corporations are within the definition, and the Court should clear the ambiguity and include them to remedy the problem the General Assembly set for regulating medical malpractice claims. Plaintiffs urge that the 1988

statute applies, that professional corporations are not health care providers under it, and thus, no notice was due. They also contend that if the Court finds these defendants to be health care providers by ruling the amended statute applies then, in addition to being out of court, the statutory cap on any recovery in § 8.01-581.15 would apply, thereby divesting them of a substantive right to an unlimited recovery, attaching at the time the cause of action arose. The Court decides in favor of the plaintiffs because theirs is the correct view on the motions.

As has been seen, the 1988 version of § 8.01-581.1 does not mention professional corporations within the definition of health care provider as the 1989 amended version does. The word "corporation" is used in both. Both versions start with a listing of "person, corporation, facility or entity *licensed* by this Commonwealth." (Emphasis added.) In both, the statute continues by listing the various professionals by category and entities licensed as health care providers, but only in the 1989 version are professional corporations expressly mentioned. At argument both sides agreed with the Court that professional corporations are not themselves licensed as health care providers but comprise "only individuals who themselves are duly licensed or otherwise legally authorized within the Commonwealth to render the same professional service as a corporation." *See* § 13.1-543(B). Because professional corporations are not licensed, they could not be within the definition of a "corporation" licensed by the Commonwealth. Moreover, in both versions, the first mention of "person, corporation, facility or institution" is descriptive. These are then modified by the various professional and entity types listed thereafter. And in the 1988 version, these do not include professional corporations. *See Richman v. National Health Laboratories, Inc.*, 235 Va. 353, 356-57 (1988) (a laboratory is not a health care provider).

In *Bulala v. Boyd*, 239 Va. 218 (1990), the Court was presented with questions on certification. One issue was how many times does the recovery limitation in § 8.01-581.15 apply to a plaintiff individually and overall to two or more of them and any apportionment among them. Contrary to the defendants' reliance on *Bulala*, there is nothing there to suggest that the Supreme Court filled an ambiguity in the medical malpractice statute to rule as it did on the question presented and that *Bulala* is authority to clear any ambiguity to include professional corporations in the 1988 definition here. What the Court did in *Bulala* was to discern legislative intent by examining the purpose of the Virginia Medical Malpractice Act. Va. Acts 1976, c. 611. The court found the purpose expressed in the Act's

preamble was to address the problem of persons not entering the health care field in Virginia because of rising insurance costs and the consequent deprivation of medical services to Virginia citizens. Citing *Etheridge v. Medical Center Hospitals*, 237 Va. 87 (1989), the Court then concluded that the language of § 8.01-581.15 permits only a single recovery to a plaintiff no matter how many theories of recovery are advanced. Defendants' invitation to apply the *Bulala* approach and construe the 1988 statute to remedy the mischief at which the malpractice statutes are directed by including professional corporations as health care providers is not warranted. *Bulala* only examined statutory language in light of announced legislative purpose to discern legislative intent on the application of the recovery limitation. There was no statutory ambiguity internal or otherwise in *Bulala*. The Court cannot write in a category of health care providers in the medical malpractice statutes that deserve protection to remedy the mischief because the Legislature has otherwise made its intentions known by the list it chose. Construing the 1988 statute to include professional corporations when they were not then mentioned is in the domain of ambiguity, a domain which for the reasons explained above does not exist. The Court should not search for ambiguity when the statute in question is plain and needs no interpretation. *Carter Adm'r v. Nelms*, 204 Va. 338, 346 (1963); *Temple v. City of Petersburg*, 182 Va. 418, 422-23 (1944).

Next, [we turn] to the question of retroactivity of the amended statute and the matter of substantive rights. In *Morrison v. Bestler*, 239 Va. 166 (1990), and in *Etheridge*, cases defendants rely on, there is no question but that the Court referred to the notice and other medical malpractice requirements as procedural. In *Morrison* the Court said medical malpractice claims are tort claims and the statutory preconditions for prosecuting them such as notice of claim, the waiting period for filing suit, the right to a medical malpractice review panel and extensions of the statute of limitations under certain conditions, are all "procedural requirements." In *Etheridge*, the Court spoke of the recovery limitation as a right of recovery fixed by the General Assembly as a matter of remedy. While the notice of claim and other medical malpractice regulations are procedural matters, this characterization should not rule the day when their application would deprive a claimant of rights which were not conditioned or limited by the medical malpractice scheme when they arose. The concern here is that applying the 1989 amendment to plaintiff's 1988 claims would work a material change on the substantive rights retroactively. *See* § 8.01-1. The

established law at the time of the alleged negligence, when the rights and obligations of the parties were determined, did not include these requirements (including importantly a limitation on recovery), and they should not be imposed now. *Shiflet v. Eller*, 228 Va. 115, 123 (1984); *Potomac Hosp. Corp. v. Dillon*, 229 Va. 355, 381 (1985).

For these reasons, the Motions to Dismiss are denied.