COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


CLEVE J. BURD, JR.
                                        MEMORANDUM OPINION[*]
v.    Record No. 1156-96-4    BY CHIEF JUDGE NORMAN K. MOON
                                        FEBRUARY 11, 1997
HELGA URSULA BURD

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Jr., Judge

          Judy Dugger for appellant.

          Robert B. Machen for appellee.


     Cleve J. Burd, Jr. (husband) appeals the decision of the

circuit court finding him in contempt for failing to comply with

the terms of the final decree of divorce entered by the circuit

court on June 29, 1995.  Husband contends that the trial court

did not have personal jurisdiction over him at the time the final

decree was entered and, therefore, the court lacked authority to

order the disposition of his retirement pay.

     The final decree of divorce contains the following findings

of fact: Helga Ursula Burd (wife) was a resident of Virginia; the

parties last cohabited as husband and wife in their marital home

in Virginia; husband left the marital home and moved to

Pennsylvania; husband was personally served with the bill of

complaint, subpoena in chancery, notice of commissioner's hearing

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and notice of final hearing in Pennsylvania; and proof of service of process was provided by properly authenticated certificates of service and made part of the record. The trial court found that it had personal jurisdiction over husband pursuant to Code §§ 8.01-296 and 8.01-328.1(A)(9).

The final decree was entered on June 29, 1995. Husband made a special appearance seeking to vacate the final decree. That motion was denied by letter opinion dated October 17, 1995. A final order finding that husband was subject to the jurisdiction of the circuit court was entered on November 28, 1995. Husband filed a notice of appeal on January 25, 1996, but withdrew the appeal on February 16, 1996. No further appeal of the court's November 28, 1995 order was filed.

Wife filed a Rule to Show Cause, seeking withholding to enforce the terms of the final decree. On February 22, 1996, the trial court entered an order finding husband in contempt. Husband filed a motion to quash, again arguing that the trial court lacked personal jurisdiction to order a money judgment against him, and a motion for reconsideration of the court's denial. On March 20, 1996, husband appealed the court's order of February 22, 1996.[1]

In its November 28, 1995 order, the trial court found that

---

[1]Husband appealed this matter to the Supreme Court of Virginia. Jurisdiction is properly with the Court of Appeals of Virginia. Code § 17-116.05(3). The Supreme Court transferred the appeal to the Court of Appeals.

it had personal jurisdiction over husband pursuant to Code § 8.01-328.1(A)(9). Husband elected not to pursue an appeal of that order and it became final. Rule 1:1. Husband may not now seek to challenge the factual findings necessarily decided in the prior unappealed order.

> Under the principle of collateral estoppel, "the parties to the first action and their privies are precluded from litigating [in a subsequent action] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." . . . "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a `right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the parties.'"

Slagle v. Slagle, 11 Va. App. 341, 344, 398 S.E.2d 346, 348 (1990) (citations omitted).

Husband contends that jurisdictional questions may be raised at any time. While "objections to subject-matter jurisdiction may be raised at any time and are not waivable," Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991), the same is not true for a finding of personal jurisdiction decided previously by the court and not appealed. "Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties." Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990).

> [T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the

3

court <u>sua</u> <u>sponte</u>.  In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in

> the pleadings filed with the trial court and properly preserved on appeal.  Rule 5:25.

Id. at 170, 387 S.E.2d at 756.

Here, the record proves that husband was aware of the proceeding against him, a fact made clear by both the duly authenticated certificates of notice and husband's entrance by special appearance to contest the trial court's jurisdiction. Husband did not appeal the court's subsequent finding that it did have personal jurisdiction, and consequently that finding became final twenty-one days after entry of the order.  Such actions are sufficient to constitute waiver.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.