## CIRCUIT COURT OF CHESTERFIELD COUNTY

Dale Hester

v.

State Farm Mutual
Automobile Ins. Co. et al.

March 4, 2002

Case No. CL01-702

BY JUDGE HERBERT C. GILL, JR.

The parties, by counsel, appeared before the Court on March 1, 2002, in regard to defendant State Farm's Motion to Correct the Record, defendant Continental Casualty Company's Motion to Reconsider, and plaintiff's Motion for Leave to File an Amended Motion for Declaratory Judgment. The Motion to Correct the Record was granted, and the Court proceeded to hear arguments from counsel on the remaining issues. The Court took the Motion to Reconsider and the Motion for Leave to File an Amended Motion for Declaratory Judgment under advisement pending further consideration and now rules as follows.

The plaintiff filed a Motion for Declaratory Judgment naming as defendants, State Farm Mutual Automobile Insurance Company, Government Employees Insurance Company, Jason R. McClurg, Continental Casualty Company, Ollie Wannamaker, and Carolina Telephone and Telegraph Company. Paragraph 20 of the Motion for Declaratory Judgment asserts, "the CNA policy was issued to the defendant Carolina Telephone and Telegraph Company ("Sprint"). Continental's Answer to this assertion states, "it is admitted that Continental issued the Policy to named insured Sprint and any of Sprint's subsidiaries, affiliated, associated, or allied companies as provided in the named insured's endorsement of the Policy." Continental Casualty Company's Answer, para. 21. The controversy submitted to the Court was

whether the insured, Sprint, effectively rejected the liability limit of $2,000,000.00 with Continental pursuant to Virginia Code § 38.2-2206.

The parties appeared before the Court on November 19, 2001, in regard to competing motions for summary judgment. The Court took the matter under advisement and issued a letter ruling, dated December 3, 2001, which granted plaintiff's Motion for Summary Judgment, holding that the insured had failed to effectively reject the uninsured motorist limits equal to the liability limits of $2,000,000.00.

The defendant, Continental, filed a Motion to Reconsider on January 28, 2002, alleging that the Court lacks subject matter jurisdiction because all necessary parties were not named in the Motion for Declaratory Judgment. Specifically, the parties not named include "No-Cuts," the owner of the vehicle driven by the plaintiff, and "Sprint," of which Carolina Telephone and Telegraph Company is a subsidiary.

Continental argues that the failure to name the named insured who executed the application at issue and the owner of the company-owned vehicle that the plaintiff was driving at the time of the second accident results in the absence of a justiciable controversy. As a result, it is asserted, the Court's letter ruling of December 3, 2001, should be vacated and the plaintiff's Motion for Declaratory Judgment dismissed for lack of subject matter jurisdiction.

In support of this contention, Continental cites *Erie Ins. Group v. Hughes*, 240 Va. 165 (1990). In *Erie*, a motorist brought a declaratory judgment action against her automobile insurer and the insurer of the other automobile involved in the accident. The trial court determined that the plaintiff was covered by insurance issued to the owner of the other automobile. *On appeal*, the Supreme Court of Virginia held that no justiciable controversy existed because the plaintiff failed to name the owner or driver of the other automobile as defendant's. *Id*. at 170. As a result, the trial court's judgment was vacated and the plaintiff's Motion for Declaratory Judgment was dismissed.

In *Erie*, however, the matter was already concluded at the trial level and was on appeal. In fact, the *Erie* Court contrasted the facts before it with the facts of *Reisen v. Aetna Life & Cas. Co.*, in which the Court determined there was a justiciable controversy ripe for adjudication, by stating, "in that case [*Reisen*], all potentially adverse parties were before the court at trial and on appeal." *Id*. at 169. The Court's language infers that, because the trial court

matter in *Erie* had already concluded, the failure to have all potentially adverse parties before the trial court was a defect beyond repair. In the action before us, however, a final order has not been entered and the defect can be cured through proper procedural remedies.

In *Morrison v. Bestler*, a plaintiff filed a medical malpractice suit within ninety days after notice of the malpractice claim in violation of Va. Code § 8.01-581.2. *Morrison v. Bestler*, 239 Va. 166 (1990). The plaintiff filed a nonsuit and then initiated another suit. The defendant argued that the second suit was barred by the statute of limitations because the 120-day extension of the statute of limitations afforded by § 8.01-581.9 had expired. Accordingly, the defendant argued that the failure to comply with the filing provisions of 8.01-581.2 deprived the trial court of the subject matter jurisdiction in the first suit, thereby making the order of nonsuit entered in that suit null and void. *Id.* at 168. The Court held that, although the trial court lacked the jurisdiction to proceed to final judgment at the time of the first suit, it was not deprived of its fundamental jurisdiction. *Id.* at 170. The Court explained the difference between subject matter jurisdiction and other "jurisdictional" elements, stating:

> A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity. Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*.

Accordingly, the *Morrison* Court makes clear that *a decision on the merits*, in the absence of subject matter jurisdiction, is null and void. Therefore, it is proper to conclude that this Court's letter ruling of December 3, 2001, is null and void, as it is clearly a ruling on the merits. However, this does not mean the Court is without jurisdiction to make decisions that do not go to the merits of the action. In fact, the *Morrison* Court pointed out the potential for abuse in regard to this matter by stating, "One consequence of the non-waiveable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." *Id.* at 170. In summary, *Morrison*

explains that, although a court may lack jurisdiction to proceed to an adjudication on the merits, this does not mean the Court is deprived of its fundamental jurisdiction.

Continental argues that because necessary parties were not named in the Motion for Declaratory Judgment, the Motion must be dismissed. What then, is the purpose of the statutes allowing for joinder of parties? If Continental's argument is correct, a party may never be added to a suit once it is filed because the Court will lack the jurisdiction to do anything at all. While it is clear that the Court is without the jurisdiction to enter a final order on the merits of the declaratory judgment action, Continental's argument that the Court is without jurisdiction to do anything but dismiss the case contravenes the explicit language of Virginia Code § 8.01-5. This section provides quite clearly that "No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties." Furthermore, § 8.01-5 provides that the Court may add parties "at any time as the ends of justice may require." Finally, Rule 3:14 provides, "new parties may be added, by leave of court, on motion of the plaintiff by order of the court at any stage of the case as the ends of justice may require."

The Court does not choose to adopt Continental's argument today and thereby ignore the explicit language of the General Assembly of Virginia. Nor is the Court inclined to accept the argument that the lack of subject matter jurisdiction to enter a final order on the merits also deprives it of the ability to do anything but dismiss the action.

For the above-noted reasons and finding that the ends of justice so demand, the Court denies the defendant's motion to dismiss the action and grants the plaintiff's motion for leave to file an Amended Motion for Judgment. The Court's letter ruling of December 3, 2001, is hereby vacated.