COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

WALTER DELANEY BOOKER, JR.

                                           MEMORANDUM OPINION[*]

v.     Record No. 1202-22-1                       PER CURIAM
                                                  JULY 25, 2023

COMMONWEALTH OF VIRGINIA,
 DARA WATSON (WARDEN) AND
 BASHARES (FOOD OP. DIR.)

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Walter Delaney Booker, Jr., on brief), *pro se*.

No brief for appellees.

Appellant, Walter Delaney Booker, Jr., *pro se*, challenges the dismissal of his complaint under the Virginia Tort Claims Act, Code §§ 8.01-195.1 to -195.9, for lack of subject-matter jurisdiction. After examining the brief and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no error, we affirm the circuit court's judgment.

BACKGROUND

While incarcerated in the St. Brides Correctional Center, appellant filed a *pro se* complaint in the Chesapeake City Circuit Court (the "circuit court") under the Virginia Tort Claims Act against the Commonwealth, Warden Dara Watson, and Food Operations Director Bashares ("appellees"). *See* Code §§ 8.01-195.1 to -195.9. The complaint concerned an alleged incident on August 7, 2019. Appellant simultaneously filed two additional *pro se* Virginia Tort

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Claims Act complaints. The first of those additional complaints alleged that the Commonwealth, Watson, and four other employees prevented him from participating in communal religious activities on June 4, 2019, and August 13, 2019. The final complaint alleged that the Commonwealth, Watson, and two other employees had not compensated appellant properly for work on June 17, 2019, and March 23, 2020.

The sole complaint at issue in this appeal alleged that appellant was improperly charged on August 7, 2019, for a meal tray and that his money had not been refunded even after an investigation found that he should not have been charged. Appellant sought judgment against the Commonwealth of $.70 with 10% interest, compounded daily, plus $1,000, and additionally sought judgment of $1,000 against Watson and Bashares.

Appellees moved the circuit court to dismiss the complaint for lack of subject-matter jurisdiction. Appellees argued that because appellant claimed only $2,000, Code § 8.01-195.4 reserved exclusive jurisdiction to the general district court. Appellant opposed the motion to dismiss and argued that the circuit court had jurisdiction because the amount sought in his three complaints combined exceeded $4,500.

After considering appellees' motion to dismiss and appellant's opposition, the circuit court found that appellant sought $2,000.70, plus interest, and therefore ruled it did not have subject-matter jurisdiction because the amount in controversy was less than the statutory threshold for it to acquire jurisdiction. Accordingly, the circuit court dismissed appellant's complaint without prejudice. Appellant appeals.

ANALYSIS

Appellant argues that because he filed his three complaints "together," the circuit court should have considered the combined amount sought therein to determine whether his "claims"

- 2 -

exceeded $4,500.[1]  Whether a circuit court had subject-matter jurisdiction is a question of law we review de novo.  *Knight v. Ottrix*, 69 Va. App. 519, 523 (2018).  Further, this Court "always has jurisdiction to determine" whether it possesses subject-matter jurisdiction.  *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)).

The Virginia Tort Claims Act provides in relevant part:

> The general district courts shall have exclusive original jurisdiction
> . . . on any claim against the Commonwealth . . . under this article
> when the amount of the claim does not exceed $4,500, exclusive of
> interest and any attorney fees. . . .

Code § 8.01-195.4.  As the circuit court found, appellant's complaint concerning the events of August 7, 2019, sought judgment of less than $4,500.  Therefore, under Code § 8.01-195.4, appellant's complaint fell within the exclusive jurisdiction of the general district court, and the circuit court correctly ruled that it lacked subject-matter jurisdiction.

Because the circuit court did not have subject-matter jurisdiction over appellant's complaint, it properly dismissed the complaint.  Indeed, the circuit court had no other permissible choice.  Once a court determines that it lacks subject-matter jurisdiction, "the only function remaining . . . is that of announcing the fact and dismissing the cause."  *Ruderman v. Pritchard*, 76 Va. App. 295, 302 (2022) (alteration in original) (quoting *Pure Presbyterian Church of Wash.*, 296 Va. at 50).  Accordingly, we affirm the circuit court's judgment dismissing appellant's complaint for lack of subject-matter jurisdiction.

---

[1] Appellant also contends that instead of dismissing his complaint, the circuit court should have ordered separate trials, transferred his complaint to the general district court, or allowed him to increase the amount of his claim.  Given our conclusion that the circuit court lacked subject-matter jurisdiction over appellant's complaint, we do not address these arguments. *See Ritchie v. Commonwealth*, 74 Va. App. 328, 334 (2022) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*