## PEGGY C. COWAN, ET AL., ETC.

### V.

## PSYCHIATRIC ASSOCIATES, LTD., ET AL.

Record No. 881059

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Roslyn G. Brown (Robert E. Brown; Howell, Daugherty, Brown & Lawrence*, on brief), for appellants.
*Michael E. Ornoff (Thomas J. Harlan, Jr.*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

Former Code § 8.01-581.2(A) provided, *inter alia*, that "[n]o action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing by registered or certified mail prior to commencing the action. . . . [of] the time of the alleged malpractice and [gives] a reasonable description of the act or acts of malpractice." Former Code § 8.01-581.9 provided, in pertinent part, that "[t]he giving of [a medical malpractice notice of claim] shall toll the applicable statute of limitations for and including a period of 120 days from the date such statute of limitations would otherwise run."[1] The dispositive question in this appeal is whether, by using certain language in a notice of claim, the plaintiff either (1) waived the ben-

---

[1] In 1989, Code § 8.01-581.9, in pertinent part, was amended by substituting "notice is given" for "statute of limitations would otherwise run." Code § 8.01-581.2, in pertinent part, remains unchanged.

efit of the tolling provisions of former Code § 8.01-581.9, or (2) is estopped from relying upon the provisions.

This appeal arises out of two medical malpractice, wrongful death actions. The actions were brought by Peggy C. Cowan and Mary C. White, executrices of the estates of Dorothy S. and George S. Carter, Sr. (Cowan), against Psychiatric Associates, Ltd., James H. Holmes, M.D., and Donald J. Mingione, M.D. (the defendants), to recover damages for the alleged wrongful deaths of the Carters. Cowan alleges that the Carters' deaths, on November 2, 1985, were proximately caused by the defendants' joint and several acts of malpractice.

On October 29, 1987, and prior to commencing the present actions, Cowan sent a notice of claim letter to the defendants "in accordance with [Code §] 8.01-581.2." After informing the defendants of the time of the alleged malpractice and setting forth a detailed description of the acts of malpractice, Cowan concluded the notice as follows:

> This letter is submitted without prejudice and is not to be used in any way at any trial that may be necessary. In no way does [sic] Peggy C. Cowan and Mary C. White acknowledge that Section 8.01-581.1, et seq. of the Code of Virginia, as amended, is controlling or applicable to these claims.

Neither Cowan nor the defendants requested a review panel within 60 days of the notice of claim as authorized by Code § 8.01-581.2. Consequently, on February 25, 1988, Cowan filed an action on behalf of both decedents' estates. On March 1, 1988, and within the 120-day tolling period provided in former Code § 8.01-581.9, the action was amended by dropping all claims relating to George S. Carter, Sr. On that date, Cowan filed a separate action relating to George Carter's death. Thereafter, the trial court consolidated the two actions.

The defendants filed special pleas of the statute of limitations to both actions. They contended in the pleas that, by the concluding paragraph in the notice of claim, Cowan expressly disavowed that the Medical Malpractice Act (the Act) applied to or controlled the two actions. The defendants further asserted that because Cowan did not file a notice of claim "in accordance with Section 8.01-581.2, . . . the tolling provisions of Section 8.01-581.9 are

not applicable to [Cowan's] claim[s], and the applicable statutory period for bringing [the] action[s] expired November 2, 1987."

The trial court sustained the pleas and dismissed the actions. The court opined that, in the final paragraph of the notice, Cowan "disavowed the controlling nature and applicability of [the Act]," and therefore, she is "estopped to rely upon the tolling provisions of [Code § 8.01-581.9] and . . . [has] waived the benefit of the tolling provisions."

■ At the outset, we stress that a notice of claim is not a pleading and should not be judged as such. *Hudson* v. *Surgical Specialists, Inc.*, 239 Va. 101, 106, 387 S.E.2d 750, 753 (1990) (this day decided). The sole purpose of the notice is to apprise a health care provider of the nature of a claim and to trigger a review of the claim by a malpractice review panel, if requested by either the claimant or the health care provider. *See id.* The giving of the notice is merely a condition precedent to the filing of an action. Furthermore, reasonable compliance with the notice requirements is all that is mandated. *Grubbs* v. *Rawls*, 235 Va. 607, 614, 369 S.E.2d 683, 687 (1988).

■ Within this framework, we first consider whether Cowan waived the benefit of the tolling provisions of Code § 8.01-581.9. "Waiver is the voluntary, intentional abandonment of a known legal right, advantage, or privilege." *Fox* v. *Deese*, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). "[B]oth knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements." *Employers Ins. Co.* v. *Great American*, 214 Va. 410, 412-13, 200 S.E.2d 560, 562 (1973).

To support their claim of waiver, the defendants focus upon Cowan's statement, in the last paragraph of the notice, that the Act is "[i]n no way . . . controlling or applicable to these claims." We believe the defendants read the notice too narrowly. To ascertain Cowan's intent, the notice must be read as a whole.

In the first paragraph of the notice, Cowan makes clear that the notice is given "in accordance with [Code § 8.01-581.2]." In compliance with that section, Cowan states the time of the alleged malpractice and, in four numbered paragraphs, a detailed description of the acts of malpractice. Thereafter, in the final paragraph, Cowan states that the notice is "submitted without prejudice . . .[,] is not to be used in any way at any trial," and that she does not acknowledge that the Act "is controlling or applicable to [the] claims."

 Obviously, Cowan intended to, and did, comply with the notice provisions of the Act. Moreover, it is clear, as Cowan asserts, that she intended the language in the last paragraph solely to preserve any challenge she might make to the Act's constitutionality.[2] Thus, reading the notice as a whole, we find nothing therein to suggest that Cowan voluntarily and intentionally abandoned her right to rely upon the tolling provisions of Code § 8.01-581.9.

 We next consider the defendants' claim of estoppel. The elements necessary to establish equitable estoppel are (1) a representation, (2) reliance, (3) a change of position, and (4) detriment. *Dominick v. Vassar*, 235 Va. 295, 298, 367 S.E.2d 487, 489 (1988); *Lataif v. Com. Indus. Const., Inc.*, 223 Va. 59, 63, 286 S.E.2d 159, 161 (1982). Moreover, the party who relies upon equitable estoppel has the burden of proving each element by " 'clear, precise and unequivocal evidence.' " *Great American*, 214 Va. at 415, 200 S.E.2d at 564 (quoting *John Hancock Mutual v. Va. Nat. Bank*, 212 Va. 31, 33, 181 S.E.2d 618, 620 (1971)). *Accord Dominick*, 235 Va. at 298-99, 367 S.E.2d at 489.

The defendants contend that Cowan's statement that the Act's provisions are not controlling or applicable to her claims "was clearly a false representation" because Cowan subsequently filed "a lawsuit contending precisely the opposite." The defendants further assert that they relied upon this "representation" to their detriment.

 We find nothing in the record to support the defendants' estoppel claim. Manifestly, the defendants have failed to prove any of the elements of estoppel by "clear, precise and unequivocal evidence." Moreover, by giving the notice in accordance with the Act and simultaneously reserving the right to challenge the Act's constitutionality, Cowan has not taken inconsistent positions.

For these reasons, the trial court's judgment will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

---

[2] It should be noted that when Cowan gave the notice, we had not decided *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 376 S.E.2d 525 (1989), which holds that the Act is constitutional.