## CIRCUIT COURT OF THE CITY OF HAMPTON

Brittani Gitchel,
deceased, etc.

v.

Robert E. Howard et al.

May 4, 1992

Case No. (Law) 27775

BY JUDGE JOHN D. GRAY

The Court is of the opinion that the only case cited by the parties that can be construed to be controlling in this case is the so-called *Dodson* case.█ The Supreme Court in the *Dodson* case appears to this Court to have used very broad language in saying that the Wrongful Death Statute not only created the cause of action, it put a stringent statute of limitations thereon with very limited ways in which the two years might be extended. In this Court's opinion, the Supreme Court found that no other tolling statutes were applicable to the Wrongful Death Statute unless specifically stated in such other tolling statute that it applied to the Wrongful Death Statute. The legislature had not seen fit so to do until the *Dodson* case and subsequently did amend the nonsuit tolling provisions as to the Wrongful Death Statute but either refused to amend or overlooked the fact that the Medical Malpractice Act had a tolling provision which fell within the broad language of the *Dodson* case in the same manner as the nonsuit statute.

The Court is of the opinion that the legislature created the wrongful death cause of actions and also its limitations and that it is the legislature's prerogative to make a change and not the Court's.

Therefore, the Court finds that the Medical Malpractice tolling provisions do not apply to Wrongful Death cases and that the Statute

of Limitations as set forth in the Wrongful Death Statute applies and this cause of action is therefore barred.