## CIRCUIT COURT OF FAIRFAX COUNTY

Wesley Fager et al.

v.

Straight, Inc., et al.

June 22, 1992

Case No. (Law) 111949

By Judge Johanna L. Fitzpatrick

This matter was before the Court on the motion of the Defendant, Straight, Inc., to dismiss the Motion for Judgment filed herein, based on Plaintiffs' failure to comply with the requirements of Va. Code Ann. § 8.01–581.1 *et seq.* (1950), and based on Defendants' assertion that there exists no private remedy for a violation of Va. Code Ann. § 37.1–84.1 (1950). I have carefully reviewed the motion, pleadings, and arguments of counsel, as well as the applicable authority, and I find the following to be appropriate in this case.

Plaintiffs' bring this action to recover for alleged injuries suffered by William Fager while he was in the care of the Defendant, Straight, Inc., a licensed drug rehabilitation facility, and the various employees and agents of Straight, Inc., including associated medical personnel. Defendant, Straight, Inc., asserts that this action must be dismissed because the Plaintiffs' failed to provide notice of their claim pursuant to Va. Code Ann. § 8.01–581.2 (1950), which provides, in pertinent part:

> No action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice.

*Id.*

At the *ore tenus* hearing on this matter, the Defendant had initially asserted that no notice was received prior to the filing of this case.

However, Plaintiffs' counsel presented the Court with a copy of a letter dated November 13, 1991, addressed to "Mark Dare, Esq., Registered Agent for Straight, Inc., 3110 Fairview Park Drive, Suite 1400, Falls Church, Virginia 22042." There was evidence that this letter was received, but the Defendants now argue that this letter does not satisfy the statutory requirements because, by its terms, it was a demand letter which did not provide notice.[1]

"The sole purpose of the notice is to apprise a health care provider of the nature of a claim and to trigger a review of the claim by a malpractice review panel, if requested by either the claimant or the health care provider." *Cowan v. Psychiatric Associatis, Inc.*, 239 Va. 59, 62, 387 S.E.2d 747, 749 (1990). The notice need only call the "defendant's attention to the identity of the patient, the time of the alleged malpractice, and a description of the alleged acts of malpractice sufficient to enable the defendant to identify the case to which the plaintiff is referring." *Hudson v. Surgical Specialists, Inc.*, 239 Va. 101, 106, 387 S.E.2d 750, 753 (1990). Notwithstanding the absence of the words "Notice of Claim," I find that Plaintiff's letter of November 13, 1991, was sufficient to satisfy the reasonable notice requirement of Va. Code Ann. § 8.01–581.2 (1950).[2] However, in an abundance of caution, the Court will stay all further proceedings in this case until the Defendants have an opportunity to request a review panel under the provisions of Va. Code Ann. § 8.01–581.1 *et seq.* (1950). Accordingly, Defendants' motion to dismiss based on Plaintiffs' alleged failure to provide reasonable notice under § 8.01–581.2 is denied.

The Defendant moves for dismissal on the additional ground that there exists no private cause of action for violation of Va. Code Ann. § 37.1–84.1 (1950). It appears to the Court that Defendants' motion to dismiss on this basis is in fact a demurrer to Count IV of Plaintiffs' motion for judgment. As such, the Court finds that an alleged

---

[1] There was no evidence presented as to how this letter was mailed, however, the method of mailing is a procedural requirement that does not affect this Court's subject matter jurisdiction. *See Hewitt v. Virginia Health Services Corp.*, 239 Va. 643, 391 S.E.2d 59 (1990).

[2] The Court notes that pursuant to Rule 2(b) of the Medical Malpractice Rules of Practice "Any objection to the adequacy or reasonableness of the notice of claim must be stated in writing . . . within 30 days . . . . Otherwise, any such objection shall be deemed waived."

violation of this statute does not give rise to a private cause of action, and therefore, the Defendants' demurrer to this Count is sustained. However, the Court grants the Plaintiffs' leave to amend their motion for judgment within twenty-one days from the date of entry of the order reflecting this ruling, because the same facts which show a violation of the statute may support an independent cause of action.