**Anna A. DOLWICK, personal representative of the Estate of John Raymond Dolwick, Plaintiff,**

v.

**Steven H. LEECH, M.D., Ph.D., and Medical Center Hospital Pathology Associates, Ltd., and Sentara Hospitals—Norfolk t/a Sentara Norfolk General Hospital, Defendants.**

Civ. A. No. 2:92CV140, 2:92CV722.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 30, 1992.

further opinion after all briefing and argument have been concluded.

Thomas B. Shuttleworth II, Virginia Beach, Va., for plaintiff.

James H. Shoemaker, Jr., Norfolk, Va., for defendant Sentara Hospitals–Norfolk t/a Sentara Norfolk General Hosp.

Michael E. Ornoff, Norfolk, Va., for defendants Steven H. Leech, M.D., Ph.D. and Medical Center Hosp. Pathology Associates, Ltd.

## ORDER

WALTER E. HOFFMAN, Senior District Judge.

Upon *de novo* review of the file, the Court, having examined the objections filed by defendants Steven H. Leech, M.D., and Medical Center Hospital Pathology Associates, Ltd., to the Magistrate Judge's Report and Recommendation filed on May 27, 1992, and no oral argument having been requested, the Court adopts and approves in full the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge, William T. Prince. Defendants' Motions to Dismiss are, hereby, DENIED, and Defendants' Motions to Strike those portions of the allegations of ¶¶ 8 and 10 of the First Amended Complaint alleging deprivation of a substantial possibility of survival are GRANTED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PRINCE, United States Magistrate Judge.

### Order of Designation

In Civil Action No. 2:91cv722, by Order dated March 16, 1992, Senior United States District Judge J. Calvitt Clarke, Jr. designated the undersigned Magistrate Judge to submit to a Judge of this Court proposed findings of fact and recommendations for the disposition of the motion to dismiss of defendant Sentara Hospitals–Norfolk t/a Sentara Norfolk General Hospital ("Sentara"). A hearing was held on March 19, 1992 at which the plaintiff was represented by Thomas B. Shuttleworth II, Esquire, and defendant Sentara was represented by James H. Shoemaker, Jr., Esquire.

On April 6, 1992, an order was entered consolidating Civil Actions Nos. 2:92cv140 and 2:91cv722, the consolidated action to thereafter proceed under docket number

2:92cv140. On April 27, 1992, Judge Clarke entered an order designating the undersigned Magistrate Judge to submit to a Judge of this Court proposed findings of fact and recommendations for the disposition of a motion to dismiss filed by defendant Sentara and a motion to dismiss and motion to strike filed by defendants Steven H. Leech, M.D., Ph.D. ("Leech") and Medical Center Hospital Pathology Associates, Ltd. ("Associates"). A hearing was held on April 28, 1992 at which the plaintiff was represented by Mr. Shuttleworth, defendant Sentara was represented by Mr. Shoemaker, and defendants Leech and Associates were represented by Michael E. Ornoff, Esquire.

## BACKGROUND

This is a medical malpractice/wrongful death action brought under the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332. The plaintiff, Anna A. Dolwick, as personal representative for the estate of John L. Dolwick, alleges negligence in the handling of tissue samples taken from the decedent on October 27, 1989 for the purpose of finding a donor for a bone marrow transplant. Mrs. Dolwick alleges that the negligent handling of the tissue samples both on and after that date delayed the identification of prospective donors, thus precipitating John Dolwick's death from chronic myelogenous leukemia.

On June 18, 1991, Mrs. Dolwick submitted a notice of claim to defendant Sentara, as required by the Virginia Medical Malpractice Act, naming only Sentara as a prospective medical malpractice defendant. (Defs. Leech & Assocs.' Mot. Dismiss, Ex. A). Under Virginia law, Sentara then had ninety days from the date of that notice to request a review of plaintiff's claim by a nonbinding review panel composed of physicians and attorneys. Sentara made no such request. On October 25, 1991, Mrs. Dolwick submitted a second notice of claim to, *inter alia*, defendants Leech, Associates and Sentara. (Defs. Leech & Associ-

ates' Mot. Dismiss, Ex. B). In that notice, counsel for the plaintiff stated

This letter is being sent in addition to my prior letter sent on June 18, 1991 to the Administrator of Sentara Norfolk General Hospital for, among other reasons, and in the event that the immunology laboratory at Sentara Norfolk General Hospital is a separate, independently owned and/or operated entity separate and apart from Sentara Norfolk General Hospital and not owned by them.

(*Id.* at 3.) None of the defendants requested a review panel subsequent to the October 25 notice of claim letter.

The plaintiff initially filed the instant action in regard to defendant Sentara on October 28, 1991. A second, substantially similar complaint was filed on February 21, 1992, naming various defendants. The consolidation order filed on April 8, 1992 subsequently corrected the designation of the named defendants to read as captioned above.

In their motion, defendants Leech and Associates raise as grounds for dismissal the following:

(1) that the plaintiff has failed to comply with the notice of claim provisions of the Virginia Medical Malpractice Act;

(2) that the complaint does not adequately set out "a short and plain statement of the claim showing that the pleader is entitled to relief" against Leech or Associates;

(3) that the complaint improperly asserts as an element of the claim for relief an allegation of loss of a "substantial possibility of survival;" and

(4) that the complaint inadequately alleges the diversity of citizenship of the parties.

Defendant Sentara alleges only ground (3) as a basis for dismissal as to it. At oral argument, counsel for the plaintiff was granted leave to amend the complaint to cure those defects underlying grounds (2) and (4). Thus, remaining for decision are only those grounds designated *supra* as (1) and (3).[1]

---

1. During the drafting of this Report and Recommendation, plaintiff submitted her First Amended Complaint in response to this Court's grant of leave to amend. Both defendants responded

## DISCUSSION

■■■ In the exercise of its diversity jurisdiction, this Court must apply the law of the Commonwealth of Virginia. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *DiAntonio v. Northampton–Accomack Memorial Hosp.,* 628 F.2d 287 (4th Cir.1980). As the Supreme Court of Virginia has not spoken directly to either of the remaining issues raised by the defendants, this Court must ascertain the rule the state supreme court would most likely adopt. *National Union Fire Ins. Co. v. Johnson,* 709 F.Supp. 676 (E.D.Va.1989).

*Failure to Provide Adequate Notice of Claim*

Defendants Leech and Associates first argue that defects in the giving of notice of a medical malpractice claim as required by Virginia law [2] mandate the dismissal of this claim. Specifically, the defendants take issue with the plaintiff's issuance of two notice of claim letters in this matter, one dated June 18, 1991 and submitted to Sentara, and one dated October 25, 1991 and submitted to all defendants. According to Leech and Associates, Dolwick's actions deviate from the statutory requirements of the Virginia Medical Malpractice Act, Va. Code Ann. § 8.01–581.1 *et seq.;* such deviation, the argument continues, necessarily results in either a total prohibition against suit or the failure of the tolling provisions of the Act to take effect.

The Virginia Medical Malpractice Act seeks to alleviate the high costs of malpractice insurance for health care providers by setting up a system designed to reduce the number of baseless malpractice claims and to facilitate the mediation and settlement of meritorious claims through an optional pre-litigation review of the claim by a panel composed of impartial health care professionals and attorneys. *DiAntonio,* 628 F.2d at 289–90. Should either party so request, a hearing will be held before such a panel, which will then render an opinion as to whether the appropriate standard of care was breached by the health care provider and, if so, whether the breach was the proximate cause of the plaintiff's injuries. *See id.;* Va.Code Ann. § 8.01–581.6. The opinion rendered by the panel is admissible as evidence in any subsequent court action, but is not conclusive evidence. Va. Code Ann. § 8.01–581.8. An integral part of this review system requires the provision of notice of prospective medical malpractice claims to the implicated health care providers prior to filing suit in order to allow the prospective defendants to elect to submit the dispute to a panel. *See DiAntonio,* 628 F.2d at 289–90.

Thus, the General Assembly has decided that "[n]o action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action." Va.Code Ann. § 8.01–581.2(A). Further, a plaintiff seeking to assert a claim against more than one health care provider must name all such providers in one notice of claim and submit that notice to all of them. Va.Code Ann. § 8.01–581.2(D). In addition, the statutory scheme sets out a method whereby the required notice of claim may be amended in order to assert additional causes of action or add new parties with leave of the panel chairman or, if no panel is requested, with leave of court. Va.Code Ann. § 8.01–581.2:1.[3] When neither party

with Answers and new Motions to Dismiss. The Motions to Dismiss address only issues (1) and (3) above, and add nothing new to the arguments already presented. Thus, those Motions and Memoranda will be considered as supplements to the motions referred to the undersigned by Judge Clarke's April 27 Order.

**2.** *See, e.g.,* Va.Code Ann. § 8.01–581.2.

**3.** Va.Code Ann. § 8.01–581.2:1 reads in pertinent part:

After the notice of claim has been delivered or mailed to a health care provider, the chairman or, if a request for a review panel has not been filed, the court in which a motion for judgment based on the claim has been or would be filed may grant leave to amend the notice to add additional parties or causes of action in furtherance of the ends of justice except where (i) the request for leave to amend is made less than ten days before the date set for the review panel to convene or for the hearing or (ii) the chairman or judge finds

ultimately requests a malpractice review panel, a plaintiff's giving of notice of a claim pursuant to Va.Code Ann. § 8.01–581.2 tolls the statute of limitations on that claim for 120 days from the date the notice was delivered, or, if sent by registered or certified mail, from the date mailed. Va. Code Ann. § 8.01–581.9.

Plaintiff failed to comply with this scheme by sending out separate notices on June 18 and October 25 instead of seeking leave to amend the June 18 notice. According to Leech and Associates, this procedural failure on the plaintiff's part requires dismissal of the action for two reasons: first, the action must be dismissed as a matter of law because compliance with the notice provisions is a condition precedent to maintaining a medical malpractice action in Virginia and, second, because the action is barred by the statute of limitations.

In asserting that the action is barred as a matter of law for failure of the plaintiff to properly fulfill the condition precedent of proper notice, the defendants rely upon *Hagan v. Antonio,* 240 Va. 347, 397 S.E.2d 810 (1990) and *Glisson v. Loxley,* 235 Va. 62, 366 S.E.2d 68 (1988). Both cases are more properly characterized as addressing the definition of malpractice under the Virginia Medical Malpractice Act than as addressing the issue raised in the instant case.

In *Hagan,* the Supreme Court of Virginia held that allegations of improper sexual conduct by a physician during his examination of a patient encompassed tortious conduct by a health care provider based on professional services. 397 S.E.2d at 811–12. Any suit based on such allegations was therefore subject to the notice requirements of Va.Code Ann. § 8.01–581.2; because plaintiff failed to give any such notice, the supreme court sustained the demurrer granted by the trial court. *Id.* at 812. In *Glisson,* the trial court dismissed an action alleging breach of contract and battery based on a surgeon's performing

arthroscopic surgery on a patient without consent, based on the plaintiff's failure to fulfill the notice of claim requirements of Va.Code Ann. § 8.01–581.2. The supreme court upheld the dismissal of the battery claim, but reversed on the breach of contract claim based on the statutory definition of malpractice contained in the Act. 366 S.E.2d at 71–72. While the cases cited by the defendants clearly stand for the proposition that failure to file any notice of claim, thus bypassing the panel review system, can result in the dismissal of any subsequent court action within the ambit of the statutory definition of medical malpractice, this Court does not believe that they can be stretched to require the dismissal of the instant case for plaintiff's filing of two notices without amending the first.

When faced with an allegedly defective notice of claim, as opposed to the failure to file any such notice, the decisions of the Supreme Court of Virginia indicate that "reasonable compliance with the notice requirements is all that is mandated." *Cowan v. Psychiatric Assocs.,* 239 Va. 59, 387 S.E.2d 747, 749 (1990). In the past, the court has held that the notice of claim under Va.Code Ann. § 8.01–851.2 does not require a particular statement of claims, *Hudson v. Surgical Specialists,* 239 Va. 101, 387 S.E.2d 750, 753 (1990); *Grubbs v. Rawls,* 235 Va. 607, 369 S.E.2d 683, 687 (1988), that a disclaimer within the notice of claim as to the applicability of the Act does not waive the tolling provisions of Va.Code Ann. § 8.01–581.2, *Cowan,* 387 S.E.2d at 749, and that the failure to follow procedures established by the Act for the review of claims does not divest the court of subject matter jurisdiction, *Morrison v. Bestler,* 239 Va. 166, 387 S.E.2d 753, 757–58 (1990). These decisions make clear that the supreme court would not find Dolwick's claim barred as a matter of law for her procedural misstep; instead, "[t]he proper sanction for noncompliance will depend on

---

that the request for leave to amend is without merit....

Leave to amend the notice pursuant to this section shall not be granted if the chairman

or judge finds that the applicable statute of limitations has expired with respect to the new or additional parties or causes of action.

the circumstances of each case." *Morrison*, 387 S.E.2d at 758.[4]

■ Defendants contend, in the alternative, that Dolwick's failure to seek leave to amend her earlier notice of claim rendered the October 25 notice ineffectual in tolling the statute of limitations under Va.Code Ann. § 8.01–581.9. According to Leach and Associates, because Sentara alone was sent a notice of claim on June 18, the subsequent notice sent to Sentara, Leech and Associates on October 25 was not "[t]he giving of notice of a claim pursuant to § 8.01–581.2" sufficient to toll the limitations period; instead, Dolwick was required to amend the June 18 notice of claim pursuant to Va.Code Ann. § 8.01–581.2:1. Her failure to do so, the defendants argue, resulted in the running of the limitations period in this matter on October 27, 1991. Because Dolwick did not file this action against Leech and Associates until February 24, 1992, they seek its dismissal as untimely.

Given the tenor of the cases cited *supra*, this Court does not believe that the defendants' statutory interpretation would be that adopted by the Supreme Court of Virginia or was that intended by the General Assembly. The notice requirement was not promulgated to create a procedural mine field for prospective plaintiffs. "The sole purpose of the notice is to apprise a health care provider of the nature of a claim and to trigger a review of the claim by a malpractice review panel, if requested by either the claimant or the health care provider." *Cowan*, 387 S.E.2d at 749. Dolwick's October 25 notice fulfilled that purpose. Further, it names all defendants and was filed with all of them as required by Va.Code Ann. § 8.01–581.2(D). The October 25 notice also references the earlier notice of claim. The defendants were thus on notice as to all information to which they were entitled in deciding whether to exercise their right to a panel review, as well as to the procedural defect of which they now complain. *See Hudson*, 387 S.E.2d at 753. The defendant has not articulated any purpose or policy of the Act that has been frustrated by the plaintiff's admitted neglect of the procedural requirements. Thus, this Court believes that the Supreme Court of Virginia would find that, despite Dolwick's failure to seek any leave to amend its June 18 notice of claim, the October 25 notice operated independently to reasonably comply with the requirements of the Act and toll the running of the statute of limitations.[5]

Further, the Supreme Court of Virginia has held that the procedural requirements of the Act are deemed waived if no timely objection is made. *Hewitt v. Virginia Health Servs. Corp.*, 239 Va. 643, 391 S.E.2d 59, 60 (1990). Defendants were or should have been aware of the existence of the June 18 notice of claim from the October 25 notice. Yet, Leech and Associates chose to forgo any challenge to continuation of the action based on the failure to amend. They also chose to forgo the protections provided to them by the Act by not

---

4. The *Morrison* court analogized the medical malpractice notice requirement to the notice requirement for maintaining a negligence claim against a municipality. 387 S.E.2d at 757 (quoting *City of South Norfolk v. Dail*, 187 Va. 495, 47 S.E.2d 405, 408 (1948)). While the court in *Dail* ultimately held that the procedural requirement of notice to municipalities was mandatory but not jurisdictional and that failure to give such notice was not necessarily an absolute bar to suit, 47 S.E.2d at 408–09, it should be noted that the court felt obliged at the outset to distinguish between procedural defects of such notice and the complete failure to comply with the statutory notice requirements. *Id.* at 405.

5. Nothing in the record indicates that, had plaintiff requested leave to amend from an appropriate court on October 25 instead of filing another notice of claim, such leave would have been denied. The granting of leave is discretionary "in furtherance of the ends of justice" except when it is requested less than ten days before the date set for the panel hearing or when the limitations period has run as to the particular claims or parties to be added. *See* Va.Code Ann. § 8.01–581.2:1. Both the relatively informal practice of granting leave to amend such notice, as represented by counsel for defendants at oral argument, and the continuing treatment rule followed in Virginia lead this Court to reject defendants' contention that, had plaintiff sought leave to amend on October 25, such leave would not have been considered until after October 27 and therefore would have been denied as untimely. *See Grubbs v. Rawls*, 235 Va. 607, 369 S.E.2d 683, 685–88 (1988).

requesting a review panel. Now, they seek to assert the bar of the statute of limitations based upon a procedural defect that, given the decision to forgo panel review, had no practical effect on this litigation. Nothing in the case law or statutes of the Commonwealth of Virginia lead to the conclusion that the procedures set out in the Medical Malpractice Review Act were intended to be a "'trap for the unwary,'" deviation from which is to be raised to permanently foreclose review on the merits regardless of the actual consequences of the procedural error. *See Morrison*, 387 S.E.2d at 757 (quoting *City of South Norfolk v. Dail*, 187 Va. 495, 47 S.E.2d 405, 408 (1948)). It is therefore RECOMMENDED that ground (1) of Leech's and Associates' Motion to Dismiss be DENIED.

*Allegations of Deprivation of a Substantial Possibility*

■ All defendants have moved to dismiss the complaint based on the plaintiff's assertion of a cause of action based on the deprivation of a "substantial possibility of survival." In the alternative, they have moved to strike those portions of the complaint alleging the deprivation of a "substantial possibility of survival" pursuant to Fed.R.Civ.Proc. 12(f).

■ The Supreme Court of Virginia has definitively interpreted the role of the "substantial possibility of survival" theory under Virginia law as

> a decisional standard for the guidance of trial courts in deciding a motion to strike the evidence. It teaches, in short, that if a plaintiff's evidence has shown that the defendant's negligence has destroyed any substantial possibility of the patient's survival, then there is sufficient evidence of proximate cause to go to the jury, and a motion to strike the evidence on that ground should be overruled.

*Blondel v. Hays*, 241 Va. 467, 403 S.E.2d 340, 344 (1991). In *Blondel*, the supreme court affirmed the trial court's rejection of

a jury instruction incorporating the "substantial possibility" theory in favor of a traditional proximate cause instruction. "The 'substantial possibility of survival' standard, while furnishing the criterion for deciding a motion to strike, was never designed for the guidance of a jury." *Id.* Nor, it follows, does the standard provide a separate cause of action or independent element of damage. To the extent that it can be construed to allege such an independent claim or element in plaintiffs' First Amended Complaint, defendants' point is well taken.

■ The defendants are not, however, entitled to dismissal of the complaint.[6] The First Amended Complaint clearly alleges the traditional elements of negligence, proximate cause and damage required to maintain a medical malpractice-wrongful death action. (*See* First Amended Complaint ¶¶ 3–7, 9, 10). To clarify the role of the "substantial possibility of survival" doctrine in this litigation, defendants' motion to strike should be GRANTED. It should be reiterated, however, that the striking of those allegations in no way renders the First Amended Complaint susceptible to a subsequent motion to dismiss for failure to state a claim.

## RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that the defendants' Motions to Dismiss be DENIED. It is further RECOMMENDED that the defendants' Motions to Strike those portions of the allegations of ¶¶ 8 and 10 of the First Amended Complaint alleging deprivation of a substantial possibility of survival be GRANTED.

## DIRECTIONS FOR MAILING AND REVIEW PROCEDURES

The Clerk shall mail copies of this Report and Recommendation to counsel of record for the parties. By copy of this Report and

---

**6.** It should be noted that, at the conclusion of the April 28 oral argument, the Court stated from the bench its agreement with the defendants' legal arguments on the relevance of the "substantial possibility of survival" standard. The Court cannot recall stating, and in no way intended to imply, however, that its decision on this point would result in a recommendation to dismiss the complaints. (*Contra* Defs. Leech & Assoc. Mot. Dismiss 1st Amended Compl. at 2).

**328**

Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendations within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

The parties are further notified that failure to file timely objections to the recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such recommendations. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).