## CIRCUIT COURT OF THE CITY OF RICHMOND

Benjamin G. Hanson, Jr.

v.

John M. Kellum et al.

August 19, 1992

Case No. LT-267-2

BY JUDGE ROBERT L. HARRIS, SR.

At issue in this case is whether the tolling provisions of the Virginia Medical Malpractice Act, *see* Va. Code Ann. § 8.01–581.9 (1992), effectively toll the two-year limitations period allowed by the Wrongful Death Statute. *See id.*, § 8.01–244(B). Section 8.01–581.9 states that "giving notice of a claim pursuant to § 8.01–581.2 shall toll the applicable statute of limitations for a period of 120 days from the date such notice is given, or for 60 days following the date of issuance of any opinion by the medical review panel, whichever is later." *Id.* § 8.01–581.9. Section 8.01–581.2 bars the bringing of any action against a health care provider unless that provider has first been given written notification of a claim and further prohibits the bringing of any action for ninety days after the giving of the required notification (or during the pendency of a review by a medical review panel). *Id.* § 8.01–581.2(A).

In the case at bar, the death which gave rise to the claim occurred on October 1, 1988. Notice of the claim pursuant to the Virginia Tort Claims Act, *see id.* § 8.01–195.6, was filed with the Attorney General on September 30, 1989, and another notice, pursuant to the malpractice requirements, *see id.*, § 8.01–581.2, was filed on October 1, 1990. The Motion for Judgment was filed almost four months later, on January 28, 1991, as allowed by the medical malpractice provisions. *See id.* § 8.01–581.2(A).

The Defendant argues that the tolling provisions of § 8.01–581.9 cannot enhance the tolling provision specifically included within the

Wrongful Death Statute (§ 8.01–244(B)). The Defendant cites *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 400 S.E.2d 178 (1991), for that proposition. In *Dodson*, the Virginia Supreme Court found that the tolling provisions of the Nonsuit Statute did not toll the two-year limitation period of the Wrongful Death Statute, as it then existed.

> [B]ecause Code § 8.01–229(E)(3) [nonsuit tolling provision] deals generally with the subject of tolling statutes of limitations and conflicts with Code § 8.01-244(B), which deals specifically with the tolling of wrongful death actions, the latter section controls for two reasons. First, Code § 8.01–228 provides that "[e]very action for which a limitation period is prescribed by law must be commenced within the period prescribed in this chapter *unless otherwise specifically provided in this Code*." [Emphasis added.] . . . .
>
> Second, in construing conflicting statutes, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner . . . . where they conflict, the latter prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979).

*Id.* at 94–95, 400 S.E.2d at 181.

Using the statutory analysis of the *Dodson* court, § 8.01–581.9 *specifically* addresses the peculiar requirements of medical malpractice suits. Under the malpractice provisions, a plaintiff is barred from filing a malpractice suit until he has given written notice to potential health care provider defendants. *See* Va. Code Ann. § 8.01–581.2. Without commenting on the legislative wisdom of that requirement, the Court notes that it would be unfair to require notice of a claim prior to filing suit, block the filing of that suit for at least ninety days after that notice, and then, if the two-year wrongful death limitation period runs during that statutory period of prohibition, hold that the plaintiff is out of court. To accept that argument is effectively to create, for wrongful death actions based upon medical malpractice, not a two-year statute of limitations, but a one-year and nine-month statute of limitations (if notice pursuant to § 8.01–581.2 is filed after that period). The Court believes that by supplying a tolling provision along with the notice requirement, the General Assembly specifi-

cally intended to avoid tilting the scales of justice too far to the detriment of potential plaintiffs in medical malpractice disputes.

The Defendant has referred the Court to a contrary view adopted by Judge John D. Gray of Hampton. In *Brittani Gitchel v. Dr. Robert E. Howard*, 27 Va. Cir. 423 (1992), Judge Gray found that, under the *Dodson* approach, the medical malpractice tolling provisions could not toll the specific limitation of the Wrongful Death Statute. *Id.* This Court, drawing from recent Virginia Supreme Court cases, finds otherwise.

In *Horn v. Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986), a wrongful death suit involving medical malpractice, the Supreme Court acknowledges the two-year limitation period of § 8.01–244(B) but adds that "when such an action is premised upon a claim of medical malpractice, the Medical Malpractice Act controls certain rights and obligations of the parties." *Id.* at 231, 343 S.E.2d at 320. In *Horn*, the death which gave rise to the cause of action occurred on August 19, 1978. Notice of a claim pursuant to the Medical Malpractice Act was given on August 9, 1980; suit was eventually filed on February 19, 1981. *Id.* at 230–31, 343 S.E.2d at 319–20. In finding that the plaintiff's suit was time-barred, the court's ruling turned not on whether the malpractice tolling provisions superseded the wrongful death limitations, but upon whether a panel hearing request had been timely filed which would have potentially tolled the limitation period beyond 120 days. *Id.* at 232–33, 343 S.E.2d at 322.

Similarly, in *Cowan v. Psychiatric Assoc.*, 239 Va. 59, 387 S.E.2d 747 (1990), a medical malpractice cause of action arose with the deaths of two persons on November 2, 1985. Notice of a claim, required by the malpractice provisions, was submitted to the defendants two years later, on October 29, 1987. Two suits were subsequently filed within the 120-day tolling period, one of February 25, 1988, and another on March 1, 1988. *See id.* at 61, 387 S.E.2d at 748. Although both wrongful death suits were clearly filed more than two years after the cause of action arose, the court's decision turned not upon whether the tolling provisions of § 8.01–581.9 applied, but upon a finding that the plaintiff had not waived the benefit of those tolling provisions. *See id.* at 61–62, 387 S.E.2d at 749.

Because, in both *Horn* and *Cowan*, the Virginia Supreme Court has expressly recognized the tolling effect of § 8.01–581.9 on the wrongful death limitation period of § 8.01–244(B), the Court will deny the Defendant's Plea of the Statute of Limitations.