## CIRCUIT COURT OF THE CITY OF RICHMOND

Citibank, N.A.

v.

Ghaleb I. Aburish

April 8, 2002

Case No. LM-1666-4

BY JUDGE RANDALL G. JOHNSON

The issue in this case is whether the 21-day time limit for instituting challenges to confessed judgments contained in Va. Code § 8.01-433 is applicable to challenges to confessed judgments made under Va. Code § 8.01-433.1. The two Code provisions are as follow:

"§ 8.01-433. *Setting aside judgments confessed under § 8.01-432.*[1] — Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the

---

[1] Section 8.01-432 provides: "Any person being indebted to another person, or any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the clerk's office of any circuit court in this Commonwealth, whether a suit, motion or action be pending therefor or not, for only such principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court. Such judgment shall be as final and as binding as though confessed in open court or rendered by the court, subject to the control of the court in the clerk's office of which the same shall have been confessed."

judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed. Whenever any such judgment is set aside or modified, the case shall be placed on the trial docket of the court, and the proceedings thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note or other evidence of debt upon which judgment was confessed. After such case is so docketed, the court shall make such order as to the pleadings, future proceedings and costs as to the court may seem just.

§ 8.01-433.1. Notice of confession of judgment provision. — No judgment shall be confessed upon a note, bond, or other evidence of debt pursuant to a confession of judgment provision contained therein which does not contain a statement typed in boldface print of not less than eight point type on its face:

IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

This section shall only apply to notes, bonds, or other evidences of debt containing confession of judgment provisions entered into after January 1, 1993.

The facts of the present case relevant to the issue now before the court are not in dispute. On February 13 or 15, 2001,[2] Ghaleb I. Aburish executed a "Default Judgment Note" in favor of Citibank (South Dakota), N.A., in the principal amount of $70,000. The note contains the following provision:

All parties liable for the payment hereof hereby appoint Stephen A. Angelidis as attorney in fact, and hereby authorize him in the event of default in the payment hereof to confess judgment for the amount then due hereon, whether by acceleration or otherwise, plus attorney's fees in the amount provided above and costs in the office of the Clerk of the Circuit Court of the City of Richmond.

---

[2] The date on the note is handwritten and could be either of the dates set out.

On July 3, 2001, Angelidis, who is Citibank's lawyer, confessed judgment in the clerk's office of this court in the amount of $66,500, plus interest, costs, and attorney's fees. Notice of entry of the judgment was personally served on Aburish on July 11, 2001. On January 10, 2002, Aburish, by counsel, filed in this court a "Motion to Vacate Judgment and Motion to Transfer Venue." Argument on the motions was heard on April 3.

In his motion, Aburish argues that the confessed judgment must be set aside because the note he signed does not contain the notice required by Va. Code § 8.01-433.1. In fact, the note does not contain such notice. It is Citibank's argument, however, that Aburish's challenge comes too late since it was not made within 21 days of his receiving notice of it. The court rejects Citibank's argument.

Section 8.01-433 is not all-encompassing. It does not apply to all challenges made to confessed judgments. It applies only to those challenges made "on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed." Virginia Code § 8.01-433.1 provides that "[n]o judgment shall be confessed upon a note, bond, or other evidence of debt pursuant to a confession of judgment provision" unless the required notice is present. *Id.* (emphasis added). That section does not prohibit the entry of judgment otherwise than by confession. Thus, it is not "an adequate defense or setoff in an action at law." Consequently, § 8.01-433 does not apply to challenges made under it.

The statutory provision applicable to Aburish's challenge to Citibank's confessed judgment is Va. Code § 8.01-428(A). That section provides:

Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

The confessed judgment entered in this action is vo*Id.* It is void because the court had no authority to enter it. As our Supreme Court said in determining the finality of an order under Rule 1:1 of the Supreme Court Rules:

An order is void *ab initio* if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the

mode of procedure used by the court was one that the court could "not lawfully adopt." ... The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."

*Singh v. Mooney*, 261 Va. 48, 51-52, 541 S.E.2d 549 (2001) (citations and footnote omitted).

In *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753 (1990), the Court said:

"The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res;* and "the other conditions of fact [which] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." ...

While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. ... A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and vo*Id.* ... Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity. ...

Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte.* ... In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal.

239 Va. 169-70 (citations omitted).

Virginia Code § 8.01-433.1 provides that "[no] judgment shall be confessed upon a note ... pursuant to a confession of judgment provision

contained therein" unless the required notice is also contained in the note. *Id.* (emphasis added). If the required notice is not contained in the note, judgment by confession based upon the confession of judgment provision cannot be entered. The statute deprives the court of the power to enter it. The notice requirement cannot be waived by the parties, and it cannot be cured by reissuing process, the passage of time, or amending the pleadings. It is an absolute requirement for the entry of a confessed judgment based on a confession of judgment provision contained in a note. Because the notice is not contained in the note signed by Aburish, the court lacked subject matter jurisdiction to enter the confessed judgment which was entered in the clerk's office on July 3, 2001. That judgment is void and must be set aside.

With regard to Aburish's objection to venue, the court holds that since the face of the note states that it was executed in Richmond and since payments were to be made in Richmond, venue exists here. The court further holds that Aburish failed to show good cause for transferring the case to another forum. His objection to venue will be overruled and his motion to transfer venue will be denied.