# CIRCUIT COURT OF FAIRFAX COUNTY

Superior Paving Corp.

v.

Bud & The Boyz Construction

October 5, 2009

Case No. CL-2009-3799

BY JUDGE ROBERT J. SMITH

This matter is before the Court on a motion to set aside a confessed judgment. For reasons that follow, the motion is granted.

*Facts*

On May 24, 2005 Bud & The Boyz Construction (hereafter Defendants) entered into a credit agreement with Superior Paving (hereafter Plaintiffs) for the purchase of asphalt. The credit agreement includes the confessed judgment statutorily required language.

Va. Code § 8.01-433.1 states:

> No judgment shall be confessed upon a note, bond, or other evidence of debt pursuant to a confession of judgment provision contained therein which does not contain a statement typed in boldface print of not less than eight point type on its face:
> IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

In 2008, Defendants were constructing an industrial building in Fauquier County. In June 2008, Defendants asked Plaintiffs to submit a bid for paving the entrance at the site of the project. Plaintiffs submitted the proposal on or about June 23, 2008. The proposal offered to perform the job for $30,055.00. Defendants accepted the proposal on or about July 7, 2008. The proposal does not include the language of Va. Code § 8.01-433.1.

On or about July 18, 2008, Plaintiffs installed the base asphalt at the construction site. Plaintiffs billed Defendants $18,010.61 for this work. On or about September 8, 2008, Defendants paid the July 18 invoice in full.

On or about October 13, 2008, Plaintiffs installed surface asphalt over the existing asphalt base. Plaintiffs billed Defendants $22,196.09 for this work on November 30, 2008.

Defendants assert that the scope of work described in the June proposal had not changed and that the amount owed should be $30,055.00. Defendants refused to pay any of the invoices from the October 13 work ($22,196.06), maintaining that the contract amount was $30,055.00.

On March 17, 2009, Plaintiffs appeared before the Clerk of the Circuit Court of Fairfax County and confessed judgment against Defendants and in favor of Plaintiffs in the amount of $22,196.06, costs, and attorney's fees of $5,549.02. The confessed judgment is for the work performed on October 13, 2008, and relies upon the work invoice of November 30, 2008. The November invoice does not contain the language of Va. Code § 8.01-432.

There is a disagreement about the performance and scope of the work at the Fauquier County worksite, but that is not the issue before the Court.

The sole issue before the Court is whether the confessed judgment can be set aside.

*Analysis*

Va. Code § 8.01-433 states:

Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond, or other evidence of debt

upon which such judgment was confessed. Whenever any such judgment is set aside or modified the case shall be placed on the trial docket of the court, and the proceedings thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note, or other evidence of debt upon which judgment was confessed. After such case is so docketed the court shall make such order as to the pleadings, future proceedings and costs as to the court may seem just.

In this case there is no dispute that Defendants (the judgment debtors) did not move to set aside the confessed judgment within the statutorily required twenty-one days. However, this does not end the analysis.

The issue before the Court is whether the confessed judgment taken against Defendants on March 17, 2009, is valid. I find that it is not. I find that the confessed judgment is void *ab initio* and therefore the failure of Defendants to request relief within twenty-one days of the entry of the confessed judgment is not fatal to their motion.

Plaintiffs assert that the required language of Va. Code § 8.01-433.1 is included in the May 24, 2005, credit agreement and that this is sufficient. According to the argument of Plaintiffs, they have complied with Va. Code § 8.01-433.1 by including the language of that code section in the original credit agreement.

I disagree. Va. Code § 8.01-433.1 evinces a strong legislative intent to protect those against whom a confessed judgment is to be taken. This legislative intent is defeated where the judgment creditor creates one document that includes the language of Va. Code § 8.01-433.1, but then relies on additional, subsequent documents that do not include the language.

Once the Court concludes that the document must contain the language of Va. Code § 8.01-433.1, the analysis leads to but one conclusion.

Similar facts existed in *Citibank v. Aburish*, 59 Va. Cir. 58 (Richmond 2002). In that case, the note upon which the confessed judgment was taken did not include the language of Va. Code § 8.01-433.1; *Aburish*, 59 Va. Cir. at 60. In analyzing this omission, the Court said:

If the required notice is not contained in the note, judgment by confession based upon the confession of judgment provision cannot be entered. The statute deprives the court of the power to enter it. The notice requirement cannot be waived by the parties, and it cannot be cured by reissuing process, the passage of time, or amending the pleadings. It is an absolute requirement for the

entry of a confessed judgment based on a confession of judgment provision contained in a note. Because the notice is not contained in the note signed by Aburish, the court lacked subject matter jurisdiction to enter the confessed judgment which was entered in the clerk's office on July 3, 2001.

*Id.* at 62.

The facts in this case are virtually identical. The only difference is that here there is an earlier note that does include the language of Va. Code § 8.01-433.1. However, because I have held that any and all notes or evidence of debt upon which a confessed judgment is to be based must include the 8.01-433.1 language, the rationale of *Aburish,* is applicable.

My finding that the each and every note or evidence of debt must include the statutory language means that this Court lacked jurisdiction to enter the confessed judgment on March 17, 2009. An order entered by a court that lacks subject matter jurisdiction is void *ab initio. Evans v. Smyth-Wythe Airport Comm'n,* 255 Va. 69, 495 S.E.2d 825 (1998).

Because I have found that the order was void *ab initio,* I need not address the other arguments regarding the number of contracts or whether the Defendants provided sufficient notice to set aside the confessed judgment.